**Danny Ray MYLAR, a/k/a Danny Ray Miles, Plaintiff-Appellant,**

v.

**STATE of ALABAMA, Defendant-Appellee.**

No. 81–7412.

United States Court of Appeals, Eleventh Circuit.

April 1, 1982.

---

**1300**

Linda B. Friedman (court-appointed), Birmingham, Ala., for plaintiff-appellant.

Joseph G. L. Marston, III, Asst. Atty. Gen., Montgomery, Ala., for defendant-appellee.

Before MORGAN, JOHNSON and HENDERSON, Circuit Judges.

JOHNSON, Circuit Judge:

We are again called upon to determine whether a criminal defendant received effective assistance from his attorney. Concluding that counsel's failure to file a brief with the direct appeal in state court amounted to ineffective assistance in contravention of the Sixth Amendment, we reverse and remand with instructions.

Appellant Danny Ray Mylar was convicted of first degree murder and sentenced to life imprisonment. The facts surrounding his sordid crime are adequately set forth in the appellate court's opinion and need not be repeated here. *Miles v. State*, 343 So.2d 801 (Ala.Crim.App.), *cert. denied*, 343 So.2d 806 (Ala.1977). Following the trial, Mylar sought appellate review of the conviction. His attorney, however, failed to file a brief with the appeal. Under Alabama law, counsel need not file a brief in order to perfect the appeal.[1] The Alabama Court of Criminal Appeals reviewed the record for error as required by statute and affirmed the conviction.[2] Mylar unsuccessfully petitioned for rehearing and a writ of certiorari. In both instances, his attorney filed briefs.[3]

After exhausting state remedies, Mylar sought habeas relief in federal district court. He raised a plethora of issues, including ineffective assistance of counsel. A federal magistrate meticulously reviewed the many issues and determined that most were without merit. He did conclude, however, that the failure of Mylar's attorney to file a brief with the direct appeal amounted to ineffective assistance of counsel and recommended that habeas relief be granted. The district court adopted the majority of the magistrate's report but rejected the determination that Mylar had received ineffective assistance. The lower court concluded that any harm caused by the failure to file a brief had been eliminated by the state court's examination of the record for "apparent" errors. Upon this review, we reach only the claim of ineffective assistance of counsel.

To establish ineffective assistance, a defendant must show that his attorney failed to provide "reasonably effective representation." *United States v. Phillips*, 664 F.2d 971, 1040 (5th Cir. 1981). Reasonably effective representation does not entitle a defendant to an error free performance.

---

1. Ala.Code § 12-22-240 requires the Alabama Court of Criminal Appeals to examine the record in every appeal for errors "apparent on the record." Alabama courts have long held that the requirement of mandatory review alleviates the need for an attorney to file a brief with the appeal. *Hymes v. State*, 209 Ala. 91, 95 So. 983 (1923); *Youngblood v. City of Birmingham*, 338 So.2d 526 (Ala.Crim.App.1976); *see also Kenny v. State*, 51 Ala.App. 35, 282 So.2d 387, *cert. denied*, 291 Ala. 786, 282 So.2d 392 (1973) (referring to Ala.Code § 12-22-240 as a "lazy lawyer" statute).

2. Ala.Code § 12-22-240 states:

   In all cases appealable to the court of criminal appeals, the court must consider all questions apparent on the record or reserved in the circuit court and must enter such judgment as the law demands.

3. Although a brief need not be filed to perfect a direct appeal, Alabama does require that a brief be submitted with a petition for rehearing. A.R.A.P. 40; *Hobbie v. State*, 365 So.2d 685 (Ala.Crim.App.1978). Similarly, the Alabama Supreme Court will not consider a petition for certiorari absent a brief. A.R.A.P. 39(f); *Evans v. State*, 268 Ala. 344, 105 So.2d 834 (1958).

*Baty v. Balkcom,* 661 F.2d 391, 394 (5th Cir. 1981). It does, however, require that counsel's conduct fall within the range of competency generally demanded of attorneys in criminal cases. *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970); *accord, Beckham v. Wainwright,* 639 F.2d 262, 267 (5th Cir. 1981).

■ Few cases have elucidated the "range of competency" required of counsel on appeal. Courts have generally held that the inexcusable failure of counsel to perfect an appeal constitutes ineffective assistance. *E.g., Chapman v. United States,* 469 F.2d 634 (5th Cir. 1972) (after filing notice of appeal, counsel intentionally abandoned appeal without notifying defendant); *Wainwright v. Simpson,* 360 F.2d 307 (5th Cir. 1966) (attorney intentionally failed to file appeal without notifying defendant). On the other hand, an attorney's failure to brief meritless points of law will normally not be deemed ineffective assistance. *Mendiola v. Estelle,* 635 F.2d 487 (5th Cir. 1981); *accord, Gustave v. United States,* 627 F.2d 901 (9th Cir. 1980). The instant case, however, falls between the two extremes. Mylar received an appeal, but was denied the benefit of any adversarial brief, including argument in favor of his position. Although a troublesome issue, we glean sufficient guidance from prior decisions to conclude that the failure in this instance to file a brief with the appeal constituted ineffective assistance of counsel.

■ In *Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), the Supreme Court made clear that appellate counsel must function as an "active advocate on behalf of his clients." *Accord, Entsminger v. Iowa,* 386 U.S. 748, 751, 87 S.Ct. 1402, 1403, 18 L.Ed.2d 501 (1967). As an "active advocate", appellate counsel is duty bound to affirmatively promote his client's position before the court. Such a duty not only requires counsel to inform the court of errors committed at trial, but additionally mandates that counsel provide legal citations and reasoning to support any claim for relief. Unquestionably a brief containing legal authority and analysis assists an appellate court in providing a more thorough deliberation of an appellant's case.

*See Anders, supra,* 386 U.S. at 745, 87 S.Ct. at 1400 (a brief would "induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel.").

Whether the failure to file an appellate brief constitutes ineffective assistance of counsel was squarely confronted in *Passmore v. Estelle,* 607 F.2d 662 (5th Cir. 1979), *cert. denied,* 446 U.S. 937, 100 S.Ct. 2155, 64 L.Ed.2d 789 (1980). The court opined that the failure of defendant's counsel to file a brief with the direct appeal could "hardly be said to reflect the 'role of an active advocate in behalf of his clients.'" *Id.* at 663 n.4. Although acknowledging that the state court had reviewed the record for "fundamental error", the court nonetheless concluded that the failure to file a brief fell below the minimum level of competency required by the Constitution. *See also Robinson v. Wyrick,* 635 F.2d 757, 759 (8th Cir. 1981) (filing brief that presented *no* errors for review constituted ineffective assistance of counsel).

The State contends that neither the holding in *Passmore* nor the reasoning in *Anders* controls the instant case. The State correctly points out that under Alabama law the Court of Criminal Appeals must examine the record in *every* appeal for errors "apparent on the record or reserved in the circuit court...." Ala.Code § 12–22–240. The State argues and the district court found that this statutory duty guarantees that all criminal defendants will receive a meaningful review and therefore eliminates any harm caused by the absence of an appellate brief. We find the argument unpersuasive.

■ Admittedly, in *Passmore,* the state appellate court was not compelled by state law to examine the record for error. Nonetheless, the court did so. We consider it somewhat specious to suggest that Mylar received a more meaningful review than the defendant in *Passmore* simply because the Alabama appellate courts are compelled by law to examine the record. Moreover, if a brief contained nothing more than a list of errors, Alabama's requirement of manda-

tory review might well alleviate the need for an appellate brief. As previously noted, however, a brief normally contains more than a list of errors. A brief sets forth a partisan position and contains legal reasoning and authority supporting the defendant's position. The mere fact that appellate courts are obligated to review the record for errors cannot be considered a substitute for the legal reasoning and authority typically found in a brief.[4]

The State further asserts that the failure to file the brief with the district court was cured when Mylar's attorney filed a brief with the petition for rehearing and certiorari. We do not agree. An appellate court conducts its most in-depth and complete review of a case during the direct appeal. A petition for rehearing typically receives a more summary consideration. Similarly, a brief filed with a petition for certiorari cannot compensate for the absence of an appellate brief. A state supreme court does not normally accept certiorari in all cases. As a result, most defendants petitioning for certiorari will not receive the same type of plenary review that occurs during the direct appeal. Accordingly, the duties of an "active advocate" mandate that appellate counsel assert his client's position at the most opportune time by filing a brief with the direct appeal.

We hold that the failure to file a brief in a nonfrivolous appeal falls below the standard of competency expected and required of counsel in criminal cases and therefore constitutes ineffective assistance.[5] We do not at this time set aside the conviction in this case. However, we do remand the case to the district court with instructions to grant the petition for habeas corpus unless the State of Alabama within a reasonable time grants Mylar either an out-of-time appeal or a new trial. *Passmore v. Estelle, supra,* 607 F.2d at 664; *Hall v. Wainwright,* 441 F.2d 391, 393 (5th Cir. 1971).

REVERSED and REMANDED.

---

4. The State relies primarily upon *Hill v. Page,* 454 F.2d 679 (10th Cir. 1971), to support its position. In *Hill,* a divided panel concluded that the absence of an appellate brief did not constitute ineffective assistance of counsel where the appellate court reviewed the record for "fundamental error." The majority opinion is conclusory and contains no insightful analysis. We find the position articulated by the dissent more convincing. *Id.* at 681, 682 (Holloway, J., dissenting) (stating that failure to file appellate brief is inconsistent with counsel's duty as an "active advocate").

Further, in deciding this case, we do not write on a clean slate. In *Passmore v. Estelle, supra,* the former Fifth Circuit determined that the absence of a brief amounted to ineffective assistance, notwithstanding the fact that the state appellate court had actually reviewed the record for error. We find *Passmore* indistin-

guishable from the instant case in all material aspects. Having adopted the former Fifth Circuit case law as precedent, *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc), we are not free to overrule *Passmore* and adopt the majority's "reasoning" in *Hill v. Page, supra,* even if we found it persuasive.

5. Independent of the constitutional issue, we question the wisdom and propriety of an attorney failing to submit an appellate brief in a capital case. Although Alabama courts have long held that counsel need not file a brief to perfect an appeal, *see* note 1, *supra,* the stakes in Mylar's case—life imprisonment—dictated that his attorney not rely exclusively upon review of the record by the appellate court to obtain reversal or a new trial. Instead, counsel should have actively advocated his client's position by filing a brief with the direct appeal.