The decision of the Bankruptcy Court is AFFIRMED.

Rudy D. CANNON, Petitioner-Appellee,

v.

W.C. BERRY, et al., Respondents-Appellants.

No. 82–7403.

United States Court of Appeals, Eleventh Circuit.

March 19, 1984.

Rehearing and Rehearing En Banc Denied April 23, 1984.

---

Jennifer M. Mullins, Asst. Atty. Gen., Montgomery, Ala., for defendants-appellants.

Perry Pearce, Birmingham, Ala. (Court-appointed), for plaintiff-appellee.

Before ANDERSON and CLARK, Circuit Judges, and DUMBAULD *, District Judge.

R. LANIER ANDERSON, III, Circuit Judge:

The State of Alabama appeals a district court order regarding the habeas corpus petition of Rudy D. Cannon. The court found that Cannon received ineffective assistance when his appellate counsel failed to file a brief on Cannon's direct appeal from his state court conviction; it granted Cannon habeas relief unless, within a reasonable time, the State affords Cannon either reconsideration of his direct appeal or a new trial. We affirm.

## I. PROCEDURAL HISTORY

In May of 1980, a Jefferson County, Alabama, jury convicted Cannon of first degree murder and sentenced Cannon to life in prison. Cannon appealed and retained an attorney.[1] Although Cannon's retained attorney had not filed a brief,[2] the appellate court nevertheless reviewed the trial record for errors,[3] and on October 28, 1980, affirmed Cannon's conviction without an opinion. Thus, the appeal was decided without the benefit of briefing or oral argument from counsel. The appellate court denied Cannon's January 20, 1981 petition for rehearing, on the ground that a party has no right to apply for a rehearing unless a brief was filed on the direct appeal.[4] Cannon next sought a writ of error coram nobis from the Jefferson County Circuit Court. The circuit court denied the writ and the criminal appeals court affirmed. *Cannon v. State,* 416 So.2d 1097 (Ala.Cr. App.1982).

Cannon then petitioned the District Court for the Northern District of Alabama for habeas corpus relief under 28 U.S.C. § 2254 alleging a number of constitutional errors in the various state proceedings. The magistrate, without considering Cannon's other claims, recommended that the court grant the writ because Cannon's appellate counsel rendered ineffective assistance by his failure to file a brief on the direct appeal from the state court conviction. The district court agreed with this recommendation and filed the above-mentioned order, under which the State must afford Cannon either a new trial or an additional direct appeal.

## II. DISCUSSION

The sole issue presented for our consideration on this appeal is whether Cannon is

---

* Hon. Edward Dumbauld, U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

1. Cannon filed notice of appeal orally during the sentencing hearing. Shortly thereafter, he retained a new attorney, Mr. Sheffield, to represent him on the appeal. The Alabama Court of Criminal Appeals was aware that Cannon had retained an attorney to conduct the appeal. The court had appointed Sheffield to represent Cannon, but rescinded the appointment when it learned that Cannon retained Sheffield independently.

2. Under the longstanding policy of Alabama, Cannon did not need to submit a brief to perfect his appeal. *See Hymes v. State,* 209 Ala. 91, 95 So. 383 (1923). It appears from the record that Sheffield did file a belated brief on the day the court of criminal appeals issued its decision. The State concedes that the court did not consider the brief in deciding the appeal.

3. Code of Alabama § 12–22–240 provides:

   In all cases appealable to the court of criminal appeals the court must consider all questions apparent on the record or reserved in the circuit court and must enter such judgment as the law demands.

4. The court dismissed the request for rehearing citing only the authority of Ala.R.App.P. 40 ("No party can, as a matter of right, apply for rehearing unless brief was filed with the clerk [on the direct appeal]"). The State does not argue that the untimely brief was considered on rehearing, or that the petition for rehearing was considered on the merits.

entitled to habeas corpus relief because of his attorney's failure to file a brief on direct appeal. Finding the district court's decision in accord with controlling principles in our previous cases, we affirm.

### A. Failure to file a brief on direct appeal is ineffective assistance of counsel

In *Mylar v. Alabama,* 671 F.2d 1299 (11th Cir.), *reh'g denied en banc,* 677 F.2d 117 (1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 3570, 77 L.Ed.2d 1411 (1983), this court held, on facts indistinguishable from those in the present case, "that the failure to file a brief in a nonfrivolous appeal falls below the standard of competency expected and required of counsel in criminal cases and therefore constitutes ineffective assistance." *Id.* at 1302. In so holding, the court expressly relied upon *Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), a case in which the Supreme Court held that appellate counsel must function as an advocate and actively promote the client's position by scrutinizing the record for errors and by presenting legal arguments in the client's favor. The court in *Mylar* rejected the State of Alabama's argument that the appellate court's independent scrutiny of the record below, *see supra* note 3, afforded defendants meaningful appellate review notwithstanding the attorney's ineffectiveness. 671 F.2d at 1302. The *Mylar* court remanded to the district court with instructions to grant the petitioner habeas relief unless the State granted Mylar either a new trial or an out-of-time appeal, *citing Passmore v. Estelle,* 607 F.2d 662, 664 (5th Cir.1979), *cert. denied,* 446 U.S. 937, 100 S.Ct. 2155, 64 L.Ed.2d 789 (1980).[5]

▇ *Anders* and *Mylar* require that counsel must file a brief to perform effectively as an appellate advocate.

### B. The Prejudice Requirement

The State of Alabama now urges that we reconsider the *Mylar* opinion in light of the more recent decision in *Washington v. Strickland,* 693 F.2d 1243, 1256–63 (5th Cir. 1982) (Unit B en banc), *cert. granted,* —— U.S. ——, 103 S.Ct. 2451, 77 L.Ed.2d 1332 (1983),[6] a case in which the former Fifth Circuit held that as a general rule, a habeas petitioner must establish actual prejudice to prevail on an ineffective assistance of counsel claim. In particular, the State argues that the court decided *Mylar v. Alabama* before *Washington v. Strickland* set forth the actual prejudice requirement and that it did not in *Mylar* consider the application of this requirement. According to the State, under *Washington v. Strickland,* Cannon must show actual prejudice before he is entitled to habeas corpus relief.

▇ We reject the State's argument for several reasons. First, *Mylar v. Alabama* followed directly from an extensive line of precedent, and we would be hesitant to infer that the en banc court in *Washington v. Strickland* overruled such well-established law *sub silentio.* The *Mylar* opinion cites *Passmore v. Estelle,* 607 F.2d 662 (5th Cir.1979), *cert. denied,* 446 U.S. 937, 100 S.Ct. 2155, 64 L.Ed.2d 789 (1980), a case in which the court found ineffective assistance of counsel because the defendant's attorney had filed only a one-sentence brief on direct appeal from a state court conviction. Similarly, in many other cases binding on this court, a finding of ineffective assistance of counsel has followed from an attorney's failure to file or perfect a direct appeal. *See Perez v. Wainwright,* 640 F.2d 596 (5th Cir.1981), *cert. denied,* 456 U.S. 910, 102 S.Ct. 1759, 72 L.Ed.2d 168 (1982) (finding ineffective assistance of counsel when attorney failed to file direct appeal as the defendant had requested); *Cantrell v.*

---

5. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

6. In *Stein v. Reynolds Securities, Inc.,* 667 F.2d 33 (11th Cir.1982), this court adopted as binding precedent all of the post-September 30, 1981, decisions of Unit B of the former Fifth Circuit. *Id.* at 34.

*Alabama,* 546 F.2d 652 (5th Cir.), *cert. denied,* 431 U.S. 959, 97 S.Ct. 2687, 53 L.Ed.2d 278 (1977) (attorney's failure to perfect appeal by filing certified transcript was held to be ineffective assistance); *Lumpkin v. Smith,* 439 F.2d 1084 (5th Cir.1971) (ineffective assistance found because attorney failed to notify defendant of right to appeal and right to counsel on appeal); *Sapp v. Wainwright,* 433 F.2d 317 (5th Cir.1970) (defendant received ineffective assistance when counsel withdrew appeal without client's consent); *Kent v. United States,* 423 F.2d 1050 (5th Cir.1970) (failure to file notice of appeal found ineffective); *Byrd v. Smith,* 407 F.2d 363 (5th Cir.1969) (finding that state court on direct appeal had not followed the requirements of *Anders* in releasing attorney and dismissing appeal; habeas relief conditionally granted); *Atilus v. United States,* 406 F.2d 694 (5th Cir.1969).

None of our prior cases required a petitioner to show actual prejudice resulting from the dismissal of his direct state appeal before granting federal habeas relief. Several of these cases in fact expressly rejected such a requirement.

In *Lumpkin v. Smith,* 439 F.2d at 1085, the court first found ineffective assistance based on counsel's failure to advise the state defendant of his right to appeal and then stated: "We cannot agree that . . . a showing of some chance of success is a prerequisite for habeas corpus relief [in this context]."

In *Perez v. Wainwright,* 640 F.2d at 599, the court, after finding that counsel was ineffective because he had failed to perfect a direct appeal from Perez' state court conviction, elaborated:

> The State argues, however, that under the circumstances here presented, an out-of-time appeal should be granted only in isolated instances, such as when the petitioner can show that an issue of arguable merit will be raised in state court. No such showing is required.

We would not lightly infer that *Washington v. Strickland* would overrule *sub silentio* such clear and established precedent. Moreover, as discussed below, *Washington v. Strickland* expressly recognized a category of cases comprising an exception to the prejudice requirement, and the case law explicitly places cases analogous to the instant case in that excepted category.

Second, we reject the state's implication that there was no prejudice requirement until *Washington v. Strickland* and thus that there was no occasion for the *Mylar* Court to consider prejudice. *Washington v. Strickland* did not articulate the prejudice requirement for the first time; rather, it analyzed previous case law, comparing the type of case in which a showing of prejudice is inappropriate with the type of case in which such a showing is necessary. 693 F.2d at 1258–59. Indeed, only six months before the *Mylar* decision, the former Fifth Circuit had stated: "The law of our circuit is as yet unclear as to the precise degree of prejudice that a defendant must demonstrate before he is entitled to habeas corpus relief on grounds that he received ineffective assistance of counsel, although it is clear that some degree of prejudice must be shown." *Washington v. Watkins,* 655 F.2d 1346, 1362 (5th Cir.1981), *cert. denied,* 456 U.S. 949, 102 S.Ct. 2021, 72 L.Ed.2d 474 (1982).[7] Significantly, the Court in *Watkins* cited *Perez v. Wainwright, supra* as an example of the type of case in which habeas relief does not depend on a showing of prejudice. It referred to *Perez,* in which counsel failed to file a direct appeal, as involving the functional equivalent of having no representation at all.[8] We conclude that the instant case, involving the failure to file a brief on appeal, is closely analogous to *Perez.* Therefore, we conclude that the *Mylar* court did not disregard the well-established law requiring a showing of prejudice, but rather treated the failure to file a brief on appeal as falling within that cate-

---

**7.** Because the former Fifth Circuit decided *Washington v. Watkins* before September 30, 1981, that decision was binding upon the *Mylar* panel. *See supra* note 5.

**8.** So also did the panel opinion, now vacated, in *Washington v. Strickland,* 673 F.2d at 901 n. 16.

gory of cases in which a showing of prejudice is inappropriate.

Third, the en banc court in *Washington v. Strickland* recognized the absolute absence of counsel as a category not requiring a showing of prejudice. 693 F.2d at 1258. The en banc decision is in complete harmony with the indication of *Washington v. Watkins, supra,* and the holding in *Perez v. Wainwright, supra,* that no showing of prejudice is necessary when counsel wholly fails to file an appeal, and by close analogy, when counsel files no brief on appeal. Thus, we conclude that neither the holding nor reasoning of the en banc decision indicates a departure from *Mylar* and the long line of cases discussed above.[9]

Finally, we reject the State's suggestion that a prejudice requirement should be imposed under the instant circumstances, because to do so would tend to erode the requirements set forth in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). There, the Supreme Court imposed on both appellate counsel and the appellate court certain obligations that must be met before a defendant's direct appeal can be dismissed.

> The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court.[3] His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

386 U.S. at 744, 87 S.Ct. at 1400 (footnotes omitted). If a petitioner like Cannon had to show actual prejudice from the dismissal of his direct state appeal, notwithstanding the failure to follow the *Anders* procedures, there would be a considerable erosion in the enforcement of *Anders.* Moreover, this circuit has consistently followed the *Anders* requirements in the habeas corpus context, without ever mentioning the possibility that a showing of actual prejudice is a prerequisite to habeas relief in such circumstances.

**9.** Although *Perez* and *Watkins* place an attorney's failure to file a direct appeal in the functional equivalent of no counsel category, we believe that the instant case not only falls within the *Perez* rule, but also is closely related to and in part explained by another per se prejudice rationale that the en banc court described in *Washington v. Strickland; i.e.,* where state action interferes with the defendant's right to effective representation. "A rule of automatic reversal serves to deter the state from engaging in action that poses a direct threat to the defendant's right to effective assistance of counsel." 693 F.2d at 1259. In this case, it is obvious that the state appellate court knew Cannon's attorney had not filed a brief. See *supra* notes 1 and 4. This fact, coupled with the duty imposed on appellate courts by *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), *see* text *infra,* implicates state action analogous to that described in *Washington v. Strickland.* Consistent with the rationale of *Washington v. Strickland,* treating the per se categories as exceptions to the general rule, our holding today is limited to the facts of this case, involving both the functional equivalent of no appellate representation and state action. We also note that our holding does not expand the per se categories already extant in the precedent. *See Mylar v. Alabama, supra.*

*See Mylar v. Alabama, supra; Passmore v. Estelle, supra; Byrd v. Smith, supra.*[10]

### CONCLUSION

We conclude that *Mylar v. Alabama, supra* is controlling, and that Cannon need not make a showing of actual prejudice. The district court order conditionally granting habeas corpus relief to Cannon, unless the state affords him either a new trial or reconsideration of his direct appeal, is

AFFIRMED.

---

**10.** We note that *Mylar v. Alabama, supra* involved a direct state appeal which was not frivolous. Like *Mylar,* there was in this case no suggestion to the district court that Cannon's direct state appeal was frivolous, nor has that argument been made to this court. Thus, we need not, and do not, address the question as to whether federal habeas corpus relief would be appropriate when the federal court concludes that the direct state appeal would have been manifestly frivolous, or when the state shows that the failure to comply with *Anders* was harmless beyond a reasonable doubt. *Compare Anders v. California,* 386 U.S. at 743, 87 S.Ct. at 1399–1400 (noting that the state courts had simply found the petition to be without merit, but had not said that it was frivolous), *with Perez v. Wainwright,* 640 F.2d at 598 (rejecting any requirement that a habeas petitioner show that an issue of "arguable merit" will be raised in state court).