[No. 15280-7-I. Division One. October 6, 1986.]

*In the Matter of the Personal Restraint of*
MORRIS J. FRAMPTON, *Petitioner.*

*Richard T. Vlosich,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Stephen Moore, Deputy,* for respondent.

COLEMAN, J.—On March 14, 1978, petitioner Morris J. Frampton was convicted of one count of murder in the first degree, and following the penalty phase of the aggravated murder proceeding, the death sentence was imposed.[1] During the appeals that followed, petitioner was represented principally by his court appointed appellate counsel, and for a shorter period, by Mr. Clay Nixon, who was also his trial counsel.

The first appellate brief filed on petitioner's behalf was

---

[1]The death sentence was subsequently vacated by our Supreme Court, and a sentence of life without the possibility of parole was imposed.

filed in the State Supreme Court. The brief contained no assignments of error with respect to the guilt phase of the trial. Mr. Nixon subsequently moved the court for permission to file his own supplemental brief on guilt phase issues. In his affidavit he stated:

That an Appellant's Brief was filed in the within court on March 13, 1979 by . . . co–counsel for the defendant. That although the Brief of Appellant was submitted under the names of both counsel, . . . affiant was not given the opportunity to read the Brief of Appellant until after it had been filed with the Supreme Court, despite repeated attempts on the part of the affiant to confer and collaborate with [co–counsel]. That since the affiant . . . had been co–counsel for the defendant during the entire death penalty trial in Superior Court, affiant knew that substantial trial issues, verified by frequent Motions for Mistrial in the Report of Proceedings, needed to be extensively covered in the Brief of Appellant. That due to [appellant co–counsel's] busy trial schedule and large volume of pages of the Report of Proceedings covering 9 weeks of trial, these important issues were not covered in the brief . . . submitted.

Though Mr. Nixon received permission to file the brief, his declining health prevented him from finishing and filing a brief. Petitioner's appointed counsel for appeal then volunteered to take another look at the guilt phase of the trial. However, no additional assignments of error were asserted, and no appellate brief was ever submitted on any guilt phase issue.

Subsequent to the State Supreme Court's ruling solely on the death penalty issue, this court issued an opinion affirming petitioner's conviction. The only issue raised in that part of the appeal related to the penalty phase of the trial.

At the resentencing hearing following petitioner's appeal, petitioner's appointed counsel stated:

Mr. Frampton was represented by Mr. Nixon and Mr. Vlosich during the trial. And then I was appointed to represent Mr. Frampton on the appeal. While Mr. Vlosich and Mr. Nixon withdrew, Mr. Nixon maintained

an active interest in the matter until the time of his death.

After reviewing the trial transcripts, it was my opinion, which I forwarded to Mr. Nixon and Mr. Vlosich, that I did not feel that any fundamental error had been committed in the guilt or innocence phase of the trial. I felt that there was a genuine *Witherspoon* [*v. Illinois,* 391 U.S. 510, 20 L. Ed. 2d 776, 88 S. Ct. 1770 (1968)] issue, and I thought that there were quite a few errors that had been committed in the penalty phase of the trial.

Mr. Nixon disagreed with me, and volunteered to write a supplemental brief on what he thought were errors of merit in the guilt or innocence phase. Mr. Nixon was unable to complete that prior to his death.

I then volunteered to the Supreme Court that I would take another look at the matters that Mr. Nixon was concerned about. And it was still my considered opinion that anything in that area would not support a meritorious assignment of error.

The appeal then proceeded on the grounds that I proposed, and no supplemental brief was ever filed.

Mr. Frampton objects to his sentencing this morning on the basis that he feels that he has been deprived of an appeal on the areas of guilt or innocence. I have discussed with him the matter of the personal restraint petition and the associated pleadings, and have advised him that if he or anyone else finds something that I have missed, that I would be more than happy to lend my assistance, if it's wanted, to preparing a personal restraint petition, or something of that nature.

But Mr. Frampton does feel that the sentencing is inappropriate this morning because his appeal has not been completed as it should have been, as he sees it, and he objects to the sentencing.

This personal restraint petition followed.

The issue presented for our resolution is whether a personal restraint petitioner in a capital case is entitled to reinstatement of his appeal upon a showing (1) that no issues regarding the guilt phase of the trial were raised in a previous appeal; (2) that counsel's decision not to raise guilt phase issues was not tactical; (3) that the petitioner at all times manifested an intent to pursue an appeal with

respect to guilt phase issues;[2] and (4) that the record discloses nonfrivolous guilt phase issues which could have been presented in the earlier appeal.

Petitioner contends he was substantially and actually prejudiced by a number of alleged errors committed by the trial court during the guilt phase of his trial. He further contends (1) that his rights to due process and equal protection were violated because he received ineffective assistance of counsel during his first appeal; (2) that such ineffective assistance of counsel effectively denied him his right to an appeal; and (3) as a result, he is forced to argue appealable issues in the context of a personal restraint petition where he has the burden of showing actual and substantial prejudice stemming from constitutional error. On the other hand, the State argues that petitioner had an appeal and received effective assistance of counsel in that appeal.

It is well settled in Washington that a personal restraint petitioner has the burden of showing that, more likely than not, he was actually and substantially prejudiced by an error of constitutional dimensions. *In re Hews*, 99 Wn.2d 80, 86–87, 660 P.2d 263 (1983); *In re Hagler*, 97 Wn.2d 818, 825, 650 P.2d 1103 (1982). In the instant case, petitioner has alleged error of constitutional dimensions, *i.e.*, the denial of his constitutional rights to an appeal and effective assistance of counsel on appeal.[3] *See In re Spears*, 157 Cal.

---

[2]The record contains various correspondence establishing that petitioner's appointed counsel knew petitioner wished to pursue an appeal on guilt phase issues. Thus, this is not a case where the defendant waived his right to an appeal or acceded to the opinion of his counsel.

[3]The Washington State Constitution grants a *right* of appeal in all criminal cases. Const. art. 1, § 22 (amend. 10); *State v. Rolax*, 104 Wn.2d 129, 133, 702 P.2d 1185 (1985); *State v. Sweet*, 90 Wn.2d 282, 286, 581 P.2d 579 (1978); *State v. Schoel*, 54 Wn.2d 388, 392, 341 P.2d 481 (1959). When a state chooses to grant such an appeal as of *right*, its availability is a matter of due process. *Stack v. State*, 492 A.2d 599, 603 (Me. 1985); *Evitts v. Lucey*, 469 U.S. 387, 83 L. Ed. 2d 821, 105 S. Ct. 830 (1985). It follows that if a defendant is deprived of his appeal because of ineffective assistance of counsel, then he or she has been denied due process of law. *Stack*, at 603.

App. 3d 1203, 204 Cal. Rptr. 333, 336 (1984); *see also Stack v. State,* 492 A.2d 599 (Me. 1985). We now analyze petitioner's contentions to determine if he has satisfied his burden of proof.

■ In general, a defendant challenging his conviction on the basis of ineffective assistance of counsel must show prejudice resulting from counsel's allegedly deficient conduct. *Strickland v. Washington,* 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, 2068 (1984) (ineffective assistance of trial counsel); *State v. Jeffries,* 105 Wn.2d 398, 417–18, 717 P.2d 722 (1986). With respect to ineffective assistance of *appellate* counsel, courts normally require a petitioner to establish prejudice by showing that there is a reasonable probability of reversal or modification of the judgment on the issues which the petitioner claims appellate counsel should have raised. *See, e.g., In re Spears,* 204 Cal. Rptr. at 337–38; *Downs v. Wainwright,* 476 So. 2d 654 (Fla. 1985). However, prejudice to a personal restraint petitioner will be presumed for certain categories of constitutional error. *In re Boone,* 103 Wn.2d 224, 233, 691 P.2d 964 (1984); *In re Richardson,* 100 Wn.2d 669, 679, 675 P.2d 209 (1983). In this regard, a number of federal and state courts have held that when it is clear that a petitioner wished to pursue an appeal, but the appeal was either not timely perfected or was dismissed for failure to file an appellate brief, then the petitioner has suffered prejudice per se, and the appeal may be reinstated *without a showing* that the issues which could have been raised on appeal had a reasonable probability of success. *Rodriquez v. United States,* 395 U.S. 327, 23 L. Ed. 2d 340, 89 S. Ct. 1715 (1969); *Cannon v. Berry,* 727 F.2d 1020, 1022 (11th Cir. 1984); *Mylar v. Alabama,* 671 F.2d 1299 (11th Cir. 1982), *cert. denied,* 463 U.S. 1229, 77 L. Ed. 2d 1411, 103 S. Ct. 3570 (1983); *Carroll v. State,* 468 So. 2d 186, 188 (Ala. Crim. App. 1985); *People v. Perez,* 115 Ill. App. 3d 446, 450 N.E.2d 870 (1983); *People v. McManus,* 66 Ill. App. 3d 986, 384 N.E.2d 568 (1978); *Stack v. State, supra; Anderson v. State,* 373 N.W.2d 438, 445 (S.D. 1985) (dissenting opinion citing cases).

The relevant cases generally utilize one of two theories for not requiring a showing of a reasonable probability of success. The courts whose state constitutions grant an appeal as a matter of right (as the Washington Constitution does) view a failure to file or perfect an appeal as a denial of the right to appeal which is so fundamental as to be prejudicial per se. Other courts rely on state and/or federal rights to effective assistance of counsel on appeal and hold that a failure to perfect an appeal or file an appellate brief is the functional equivalent to having no representation at all. This also amounts to prejudice per se.[4] For instance, in *Cannon v. Berry, supra,* defendant's appellate counsel failed to file a brief or to present argument on any issues. The state appellate court nevertheless reviewed the trial record for errors and affirmed the conviction. Through a writ of habeas corpus, the defendant eventually obtained review of his ineffective assistance of counsel claim in the federal court of appeals. In rejecting the State's argument that relief was not available to the petitioner absent a showing of prejudice, the court stated that, regardless of whether the state court of appeals reviewed the record and actually decided the case, appellate counsel's failure to file a brief on appeal was analogous to filing no appeal at all. *Cannon,* at 1024. As a result, the *Cannon* court held that "Cannon need not make a showing of actual prejudice." *Cannon,* at 1025.

The reasoning in *Cannon* and other similar cases indicates that, for purposes of determining whether prejudice must be shown, the important question is not whether the petitioner was provided some form of appeal by the appellate tribunal. Rather, the important question is whether the petitioner was afforded an appeal in a constitutional sense. *Carroll v. State, supra; Cannon v. Berry, supra; see Fran-*

---

[4]*See Cannon v. Berry,* 727 F.2d 1020 (11th Cir. 1984). *See also Evitts v. Lucey,* 469 U.S. 387, 394 n.6, 83 L. Ed. 2d 821, 105 S. Ct. 830, 835 (1985) (court noting that failure to perfect appeal "essentially waived respondent's opportunity to make a case on the merits; in this sense, it is difficult to distinguish respondent's situation from that of someone who had no counsel at all.").

*cois v. Wainwright,* 470 So. 2d 685, 687 (Fla. 1985); *High v. Rhay,* 519 F.2d 109 (9th Cir. 1975). Thus, if a personal restraint petitioner shows that, in effect, he received no appeal, then reinstatement of the appeal may be granted without requiring a showing of whether there is a reasonable probability of prevailing on appeal. The issue in the present case, then, is whether the course pursued by petitioner's appellate counsel in effect denied him an appeal. We conclude that it did, and in so holding, we find the following considerations controlling.

First, a death penalty case is unique in that the trial is divided into distinct phases, *i.e.,* a guilt or innocence phase and a special sentencing proceeding or penalty phase. The special death penalty phase, which is essentially a separate trial, cannot be invoked unless the jury first finds the defendant guilty. In our opinion, when a finding of guilt is a prerequisite to a separate proceeding which can lead to loss of life or life in prison without the possibility of parole, an appeal from the guilt phase takes on added significance.

Second, the unique facts in this case persuade us that petitioner was, in effect, denied an appeal and is entitled to relief without a showing that there is a reasonable probability that he will prevail on the issues he wishes to raise. The record establishes that (1) appellate counsel was aware of petitioner's desire to raise guilt phase issues on appeal; (2) no guilt phase issues were briefed or argued; (3) counsel's decision to omit guilt phase issues was not a tactical decision;[5] (4) guilt was not conceded at trial; and (5) nonfrivolous[6] guilt phase issues could have been asserted on

---

[5]For a general discussion of tactical decisions of counsel see *Smith v. Murray,* __ U.S. __, 91 L. Ed. 2d 434, 106 S. Ct. 2661, 2667 (1986); *Jones v. Barnes,* 463 U.S. 745, 77 L. Ed. 2d 987, 103 S. Ct. 3308 (1983).

[6]The frivolous/nonfrivolous distinction was recently articulated by the State Supreme Court in *State v. Rolax,* 104 Wn.2d 129, 136, 702 P.2d 1185 (1985): "Our courts consider an appeal frivolous for purposes of delay and justifying imposition of terms and damages when it presents 'no debatable issues upon which reasonable minds might differ, *and* it is so totally devoid of merit that there [is] no reasonable possibility of reversal.' (Italics ours.) *Millers Cas. Ins. Co. v. Briggs,* 100

appeal.[7] Given these facts, it is clear that petitioner has never received appellate review of his conviction.

█ Thus, we hold that appellate counsel's failure to raise any issues as to the guilt phase of the trial was, in these circumstances, tantamount to a denial of his right to appeal his conviction. This was prejudicial per se. Our holding is predicated upon the fact that a capital case involves the most severe penalties allowed in our judicial system. The constitutional rights to appeal and effective assistance of counsel deserve heightened protection in such a case. *See State v. Frampton,* 95 Wn.2d 469, 478, 627 P.2d 922 (1981) ("as has been observed many times, death as a punishment is different. When a defendant's life is at stake, the courts have been particularly sensitive to insure that every safeguard is observed."); *Smith v. Murray,* __ U.S. __, 91 L. Ed. 2d 434, 106 S. Ct. 2661, 2672–73 (1986) (Stevens, J., dissenting).[8]

Additional errors have been raised with respect to the penalty phase of petitioner's trial. Because those issues will be *moot* if petitioner succeeds in his reinstated appeal, we consolidate that portion of the personal restraint petition

---

Wn.2d 9, 15, 665 P.2d 887 (1983); *Seattle v. Snoj,* 28 Wn. App. 613, 625 P.2d 179 (1981); *Streater v. White,* 26 Wn. App. 430, 434–35, 613 P.2d 187 (1980)."

[7]Petitioner alleges a number of guilt phase errors in his petition, including (1) the submission of an instruction on intent; (2) the exclusion of certain testimony regarding the motive of another person; (3) the admission of numerous gruesome photographs; (4) the admission of a prior conviction for impeachment; and (5) the withholding of information by the prosecution. It is entirely possible that these issues will ultimately be decided against appellant. However, if he remains in prison, it will not be because he has been denied his right to appellate review.

[8]Our analysis does not do violence to the general rule that an attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes,* 463 U.S. 745, 77 L. Ed. 2d 987, 103 S. Ct. 3308 (1983). *See Evitts v. Lucey, supra.* Rather, our holding is narrowly focused on our conclusion that petitioner was denied his constitutional right to appeal. Had he received an appeal in the constitutional sense, we would not presume prejudice, and in order to meet his personal restraint petition burden, petitioner would have had to establish both that counsel was ineffective, and that there was a reasonable probability of success on appeal concerning the issues he wanted raised.

with the reinstated appeal. Since petitioner has already received review of penalty phase issues in his direct appeal, the penalty phase issues asserted in the petition must be resolved with reference to the burden of proof for personal restraint petitions. Thus, in order to succeed on his penalty phase issues, petitioner must establish actual and substantial prejudice stemming from constitutional error committed during the penalty phase of his trial.

Petitioner suggests that we should treat his personal restraint petition as an appellate brief and proceed to resolve the issues. In some instances, this would be possible. However, the petition and response in this case are written in the context of the burden of proof applicable only in personal restraint proceedings, and references to the record are inadequate on certain issues. Therefore, the proper course is to reinstate the appeal and allow the parties to submit new or amended briefs. Petitioner's appeal as it relates to guilt phase issues is reinstated, and his personal restraint petition requesting collateral relief on penalty phase issues is consolidated with the reinstated appeal. The clerk of this court is directed to establish a schedule for the perfection of petitioner's reinstated appeal.

GROSSE and PEKELIS, JJ., concur.