John Edward Dunn was convicted of rape in 1974. Charges of burglary and kidnapping were also pending against him at the time of the rape conviction. In a plea bargain, Dunn agreed to plead guilty to the kidnapping charge. In exchange, the prosecutor agreed to drop the burglary charge. The record on this appeal also contains evidence indicating that the petitioner *Page 1301 
agreed not to pursue his appeal of the rape conviction as a part of the plea bargain. The petitioner disputed this in his testimony, however, and claims he thought this appeal was being pursued. In any event, although notice of appeal of the rape conviction was given, no briefs were filed by the petitioner's lawyer, and the appeal was subsequently dismissed.
Sometime after these convictions for rape and burglary, Dunn was convicted of robbery, a conviction for which he is still serving time in a state penitentiary. The previous rape conviction, however, was used to enhance Dunn's punishment for the subsequent robbery conviction under Alabama's Habitual Offender Act. The gist of the petitioner's claim is that his lawyer, by failing to file a brief in his appeal of the rape conviction, subjected the petitioner to a deprivation of his constitutional right to effective assistance of appellate counsel.
In an error coram nobis proceeding in circuit court, the petitioner attacked his lawyer's performance in the appeal of the rape conviction. After hearing the evidence, the circuit court held against the petitioner, and the Court of Criminal Appeals affirmed the trial court's judgment, without issuing an opinion. 502 So.2d 399 (1986). The case is before us on writ of certiorari.
We originally granted certiorari to consider a potential conflict between Carroll v. State, 468 So.2d 186
(Ala.Crim.App. 1985), and Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). UnderCarroll, a per se rule regarding ineffective assistance is advanced. That case holds that the failure to file a brief on a first appeal as of right from a conviction constitutes per se ineffective assistance of appellate counsel, regardless of whether the failure to file actually prejudiced the rights of the defendant. SeeCarroll v. State, 468 So.2d, at 188-89.Strickland, on the other hand, holds that, at least in regard to trial counsel, a successful claim of ineffective assistance requires a showing that: 1) the lawyer's conduct fell below an objective standard of reasonableness, and 2) the lawyer's deficient conduct actually prejudiced the defendant's case. Strickland v.Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984). The petitioner argues that the Court of Criminal Appeals obviously applied the Strickland test rather than the per se rule of Carroll, and therefore denied him relief because he had not shown "prejudice" from the dismissed appeal. Although the United States Supreme Court has held that a right to effective assistance of appellate counsel (analogous to a right of effective assistance of trial counsel) attaches to a first appeal granted defendants as of right,see Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830,83 L.Ed.2d 821 (1985), the Court has not squarely held thatStrickland applies in the appellate context, nor has it otherwise defined the precise standards for judging claims of ineffective assistance of appellate counsel. Id.
at 392, 105 S.Ct. at 833. Consequently, we granted this petition to clarify the standards that we will apply to cases such as the one presented by the petitioner.
Upon a closer examination of the petitioner's cause, however, we find that the precise issue of the standards applicable to claims of ineffective appellate assistance is not before us. In this case, there is evidence from which the trial court and the Court of Criminal Appeals could have concluded that the petitioner waived his appeal, and therefore could have pretermitted consideration of the ineffective assistance issue. A defendant cannot complain of ineffective assistance on a appeal he did not want and did not pursue.[1] See Norris v. Wainwright,588 F.2d 130 (5th Cir. 1979), cert. denied, 444 U.S. 846,100 S.Ct. 93, 62 L.Ed.2d 60 (1979) ("[a] defendant's decision not to appeal cannot be fairly charged to his attorney"). Consequently, the writ is due to be quashed as having been improvidently granted. *Page 1302 
We reach this conclusion cognizant of the settled rules of law governing the briefing and other duties of appellate counsel. The case primarily relied upon by the petitioner,Carroll v. State, 468 So.2d 186 (Ala.Crim.App. 1985), follows a well-established rule that grants a criminal defendant an out-of-time appeal where appellate counsel has failed to file a brief in the defendant's behalf. See,e.g., Cannon v. Berry, 727 F.2d 1020 (11th Cir. 1984);Mylar v. Alabama, 671 F.2d 1299 (11th Cir. 1982),cert. denied, 463 U.S. 1229, 103 S.Ct. 3570,77 L.Ed.2d 1411 (1983); Matter of Frampton,45 Wn. App. 554, 726 P.2d 486 (1986). These cases have essentially held that failure to file a brief constitutesper se ineffective assistance by appellate counsel. For the most part, Carroll and like cases rely onAnders v. California, 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493 (1967), which requires an attorney to file a brief on appeal pointing to any possible errors in the trial record, even when the attorney believes that the appeal itself is actually without merit. Anders is founded on the rationale that "[t]he constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicuscuriae. . . . His role as advocate requires that he support his client's appeal to the best of his ability."Id. at 744, 87 S.Ct. at 1400.
In the instant case, it is undisputed that the attorney failed to file a brief on appeal and, further, that he failed to comply in any manner with the basic requirements ofAnders. However, although many cases,Carroll included, broadly state that a failure to file a brief constitutes a violation of Anders, it is clear that Anders was never intended to apply to those cases where the defendant decides not to take an appeal. As the Fifth Circuit Court of Appeals has stated:
 "Admittedly, [petitioner's] appointed counsel did none of the things required by Anders. Compliance was not required, however, because [petitioner] voluntarily withdrew his appeal after consultation with, and advice from, counsel. We are convinced that Anders does not apply to an attorney whose client instructs him, as did [petitioner], to withdraw his appeal after being advised that an appeal would be meritless and against his best interests. To hold otherwise would, in effect, make it very difficult, if not impossible, for an appellate attorney to give his client sound advice to withdraw an appeal. To be sure, if the client persists in demanding an appeal, Anders applies in full force, and the attorney must comply with its procedures."
Jones v. Estelle, 584 F.2d 687, 691 (5th Cir. 1978). In short, although a defendant has a right to effective assistance on a first appeal as of right, see Evitts v.Lucey, supra, including the right to assistance conforming with the Anders requirement that a brief be filed, the defendant cannot complain of an attorney's failure to file a brief where the defendant has forgone the underlying appeal.
In regard to this particular, we note that Carroll v.State, 468 So.2d 186 (Ala.Crim.App. 1985), suggests that the trial court's finding in that case " 'that [the petitioner] acquiesced in the efforts of the attorneys at every stage of trial,' " id. at 188, was not a consideration in cases of ineffective assistance of counsel. Rather, "[a]ll that need be shown is that counsel failed to submit a brief on the appellant's behalf." Id. To the extent that this language suggests that a defendant cannot dismiss his own appeal, on advice of counsel or otherwise, it incorrectly states the law, and we do not think that the Court of Criminal Appeals ever meant to imply by this language that an appeal could not be waived. Instead, we think that this language was meant only to establish the proposition that a defendant desiring an appeal cannot ratify ineffective assistance by acquiescence in the deficient performance, thereby insulating his counsel's performance from collateral attack. In any event, a defendant cannot complain of ineffective assistance on an appeal he has waived. See, e.g., Dawson v. State, 480 So.2d 18
(Ala.Crim.App. 1985); Jones v. Estelle,584 F.2d 687, 691 (5th Cir. 1978). *Page 1303 
We have examined the record in this case to verify the petitioner's supplemental facts submitted pursuant to Rule 39(k), A.R.App.P., and we find that the evidence supports the trial court's conclusion that the writ of error coram nobis was due to be denied. Although the petitioner testified that he wished to take the appeal, his attorney testified that the dismissal of the appeal was to be part of a plea bargain arrangement, an arrangement agreed to and approved by the petitioner. From this evidence, the trial court could have concluded that the petitioner both knew of his right to appeal and voluntarily waived it, in view of the plea arrangement offered by the prosecutor.[2] See Kennedyv. State, 421 So.2d 1351 (Ala.Crim.App. 1982) (trial judge has adequate basis to deny coram nobis petition where trial attorney contradicts assertions of petitioner). Consequently, we find no error in the trial court's denial of the writ of error coram nobis, and the Court of Criminal Appeals' affirmance of the trial court's judgment was, therefore, without error as well.
Although not necessary for our resolution of this case, we think it important to briefly discuss our reason for granting certiorari: the potential conflict between Carroll v.State, supra, and Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). It is apparent from our examination of the state of the law on the issue of the standards governing questions of effective appellate assistance that any conflict betweenCarroll and Strickland is more illusory than real. First, we think it clear that theStrickland standards, though expressly applying only to trial counsel, are also properly applied in the appellate context. Ex parte Clisby, 501 So.2d 483
(Ala. 1986). Second, the Strickland requirement that a petitioner show both deficient performance and prejudice to make out a successful claim of ineffective assistance does not conflict with the per se rule ofCarroll and like cases, as Strickland
itself plainly recognizes.
In regard to the "performance" prong of theStrickland case, the United States Supreme Court expressly refused to set forth precise rules; rather, each case was to be judged on its own facts with reference to prevailing professional norms. Strickland v.Washington, 466 U.S. at 688, 104 S.Ct. at 2064. In spite of the factually-directed inquiry that Strickland
mandates, however, we do not believe the United States Supreme Court intended to eviscerate the rule ofAnders; moreover, we think that Anders has established the "norm" in cases of a first criminal appeal as of right. Accordingly, a failure to comply withAnders would automatically constitute deficient performance under Strickland. In short,Strickland has the effect of incorporating the performance standards of Anders, and a failure to comply with Anders is a failure under the performance standards of Strickland as well. Cf. Hill v.Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203
(1985) (Strickland restates the performance standards of previous cases regarding attorney's advice to enter guilty plea).
Likewise, we do not think that Strickland requires a showing of prejudice where an attorney fails to file a brief on a *Page 1304 
desired first appeal as of right. Strickland
expressly recognizes that certain errors of counsel are so inherently defective from a constitutional perspective that prejudice to the defendant in such cases may be presumed:
 "Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice. So are various kinds of state interference with counsel's assistance. See United States v. Cronic, 466 U.S. [648], at 659, and n. 25, 104 S.Ct. [2039], at 2046-2047, and n. 25 [80 L.Ed.2d 657
(1984)]. Prejudice in these circumstances is so likely that case-by-case inquiry into prejudice is not worth the cost. 466 U.S., at 659, 104 S.Ct., at 2047."
Strickland v. Washington, 466 U.S. at 692,104 S.Ct. at 2067. We consider the failure to file a brief on appeal to be "[a]ctual or constructive denial of the assistance of counsel," following the reasoning of other courts that have considered this question. See Cannon v. Berry,727 F.2d 1020 (11th Cir. 1984); Matter of Frampton,45 Wn. App. 554, 726 P.2d 486 (1986); cf. Evitts v.Lucey, 469 U.S. 387, 394 n. 6, 105 S.Ct. 830, 835 n. 6,83 L.Ed.2d 821 (1985) (failure to perfect appeal "essentially waived respondent's opportunity to make case on the merits; in this sense it is difficult to distinguish respondent's situation from that of someone who had no counsel at all"). Consequently, no showing of prejudice is required underStrickland where an attorney fails to file a brief on a first appeal as of right, where that appeal is desired by the defendant.[3]
Thus, as a general proposition, no conflict exists betweenCarroll v. State, 468 So.2d 186 (Ala.Crim.App. 1985), and Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The latter case, while it establishes the basic two-part test that many courts apply to errors of appellate counsel, also recognizes that the kind of error Carroll envisions is so egregious that ineffective assistance may be presumed as a matter of law.
Accordingly, had the petitioner in this case manifested an actual desire for an appeal, we are confident thatStrickland v. Washington and the "per se"
refinements of Strickland provided byCarroll and like cases would have properly resolved the "ineffectiveness" issue. For the reasons noted above, however, that issue is not before us, and the petitioner's argument is, therefore, without merit.
WRIT QUASHED AS IMPROVIDENTLY GRANTED.
JONES, SHORES, ADAMS and STEAGALL, JJ., concur.
[1] Petitioner's motion to strike the state's brief for raising the waiver issue for the first time in this Court is denied. Waiver was argued in the state's brief to the Court of Criminal Appeals in support of the argument that defendant's counsel could not have been ineffective on appeal if the defendant had not wanted an appeal.
[2] The standards for waiver of appeals are somewhat unclear, because there is no "right" to an appeal under the Constitution, although once a state grants a non-discretionary appeal to defendants, the Fourteenth Amendment requires that the appellate process conform to the standards of due process and equal protection on the first such appeal. Evitts v. Lucey, 469 U.S. 387,105 S.Ct. 830, 83 L.Ed.2d 821 (1985). Thus, on a first non-discretionary appeal (i.e., a state "appeal as of right"), the Fourteenth Amendment establishes a right to counsel, and a right to effective assistance by that counsel.Id. Moreover, waiver of this constitutional right to counsel on appeal must be "knowing and intelligent."Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996,18 L.Ed.2d 33 (1967). However, waiver of the actualappeal has been found to require a lower standard, because the appeal itself is not constitutionally protected.See Norris v. Wainwright, 588 F.2d 130 (5th Cir. 1979), cert. denied, 444 U.S. 846, 100 S.Ct. 93,62 L.Ed.2d 60 (1979). As Norris indicates, however, some cases have spoken of waiver of an appeal as requiring "knowing and intelligent" action. Id. at 136, n. 3.
We need not resolve this issue, because the evidence in this case allows the inference that the petitioner made a knowing and intelligent waiver of his right to appeal.
[3] We note that where Anders is followed and briefs are filed, a showing of prejudice would generally be required under Strickland. In the context of error by appellate counsel, "courts normally require a petitioner to establish prejudice by showing that there is a reasonable probability of reversal or modification of the judgment on the issues which the petitioner claims appellate counsel should have raised." Matter of Frampton,45 Wn. App. 554, 726 P.2d 486, 489 (1986).