TYSON, Judge.
This appellant was initially charged by indictment with knowingly obtaining eight cassette tapes, the property of Kmart Corporation, of the value of $34.68, with the intent to deprive the owner of the property, in violation of § 13A-8-4, Code of Alabama 1975. He entered a not guilty plea at arraignment and, thereafter, appeared for trial.
At trial the appellant entered an understanding, intelligent, and voluntary guilty plea pursuant to the provisions of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The record indicates that his constitutional rights were fully explained to him in open court by his trial counsel. See also Ireland v. State, 47 Ala. App. 65, 250 So.2d 602 (1971). His “plea form” was executed and filed in open court. His oral statement was taken at the sentencing hearing by the trial judge. The range of punishment was fully explained. See Carter v. State, 291 Ala. 83, 277 So.2d 896 (1973).
At the sentencing hearing, because the appellant had four prior charges of retail theft or “shoplifting,” the trial judge declined to grant probation and, instead, sentenced this appellant to 12 months’ imprisonment in the county jail, since the charge in question had been reduced by agreement to a “Class A misdemeanor,” being theft in the third degree.
However, on appeal appellant’s counsel has merely filed a “no merit letter” pointing out the following: “I have discussed with my client the fact that I find no error and have indicated to him that I was filing this no merit letter. He concurs in my *294 opinion.” Counsel has thus asked this court to affirm the judgment.
The attorney general points out that the opinion of the Supreme Court of Alabama, in Ex Parte Dunn, 514 So.2d 1300 (Ala.1987), states that even where counsel files an “Anders letter,” that “letter” must be made in the form of a brief and filed in this court. Counsel should conscientiously examine the record for error, file a written brief indicating such examination, and send a copy thereof to the appellant. The appellant shall then be given an opportunity to file any brief, letter, or other statement with this court.
In accordance with the attorney general’s motion, this cause is remanded to the circuit court, and appellant’s counsel is instructed to promptly file a proper brief in this court in behalf of the appellant, George Lee Bush, as hereinabove stated. Dunn, supra.
REMANDED WITH DIRECTIONS.
All the Judges concur.