IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MAY 1997 SESSION

FILED

September 18, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

DARRELL E. HELTON,        )
                          )        No. 03-C-01-9608-CR-00320
        APPELLANT,        )
                          )        Hawkins County
v.                        )
                          )        James E. Beckner, Judge
STATE OF TENNESSEE,       )
                          )        (Post-Conviction)
        APPELLEE.         )

FOR THE APPELLANT:                 FOR THE APPELLEE:

Gerald T. Eidson                   John Knox Walkup
205 Highway 66 South               Attorney General & Reporter
Rogersville, TN  37857             500 Charlotte Avenue
                                   Nashville, TN  37243-0497

                                   Janis L. Turner
                                   Assistant Attorney General
                                   450 James Robertson Parkway
                                   Nashville, TN  37243-0493

                                   C. Berkeley Bell, Jr.
                                   District Attorney General
                                   109 South Main Street, Suite 501
                                   Greeneville, TN  37743

                                   J. Douglas Godbee
                                   Assistant District Attorney General
                                   Hawkins County Courthouse
                                   Rogersville, TN  37857

OPINION FILED: _____

AFFIRMED

Joe B. Jones, Presiding Judge

**O P I N I O N**

1

The appellant, Darrell E. Helton (petitioner), appeals as of right from a judgment of the trial court dismissing his suit for post-conviction relief following an evidentiary hearing. In this Court, the petitioner contends he was denied his constitutional right to the effective assistance of counsel because counsel failed to brief an issue in this Court on direct appeal. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issue presented for review, it is the opinion of this Court that the judgment of the trial court should be affirmed.

The petitioner was convicted of aggravated child abuse. The trial court sentenced the petitioner to confinement for twelve (12) years in the Department of Correction. This court affirmed the petitioner's conviction and sentence. Donna Bailey and Darrell Eugene Helton v. State, Hawkins County No.03-C-01-9207-CR-00266, 1993 WL 480428 (Tenn. Crim. App., Knoxville, November 22, 1993). The supreme court denied the petitioner's application for permission to appeal on April 4, 1994.

Counsel for the petitioner filed a motion for a change of venue. It appears the motion was predicated upon "some pretrial publicity." Counsel argued the motion. The trial court took the motion under advisement to see if a fair and impartial jury could be selected to decide the guilt of the petitioner. Concluding that a fair and impartial jury was impaneled, the trial court dismissed the motion for a change of venue.

The attorney who represented the petitioner testified on behalf of the state during the evidentiary hearing. He testified there were three major issues which had merit. While he did not believe the defendant would be granted relief on the change of venue issue, he nevertheless placed the issue in the brief at the last moment. According to this Court's opinion, counsel failed to brief the issue. This Court held the issue had been waived. See Tenn. R. App. P. 27(a)(7); Tenn. Ct. Crim. App. Rule 10.

The constitutional right to the effective assistance of counsel extends to the representation of an accused in the appellate courts. Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). As the United States Supreme Court said in Evitts:

> [N]ominal representation on an appeal as of right . . . does not suffice to render the proceedings constitutionally adequate; a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all.

2

469 U.S. at 396, 105 S.Ct. at 836, 83 L.Ed.2d at 830.  In other words, appellate counsel must function as an advocate and actively promote the client's position by scrutinizing the record for error and by presenting legal arguments favorable to the accused.  See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Mylar v. Alabama, 671 F.2d 1299 (11th Cir. 1982), reh'g denied en banc, 677 F.2d 117 (11th Cir. 1982), cert. denied, 463 U.S. 1229, 103 S.Ct. 3570, 77 L.Ed.2d 1411 (1983).

Before a petitioner is entitled to relief based upon the ineffective assistance of counsel, he must establish by a preponderance of the evidence (a) counsel made errors so serious that counsel was not functioning as counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, § 9 of the Tennessee Constitution and (b) counsel's errors were so serious as to deprive the defendant of his or her appeal as of right or a serious issue raised in the appellate court.  See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Porterfield v. State, 897 S.W.2d 672, 677 (Tenn. 1995); Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975).  In this case, the petitioner established counsel erroneously failed to support the issue regarding a change of venue with an argument.  However, the petitioner has failed to establish he was prejudiced by counsel's error in this regard.

_____
JOE B. JONES, PRESIDING JUDGE

CONCUR:


_____
JOSEPH M. TIPTON, JUDGE


_____
CURWOOD WITT, JUDGE