167 P.3d 1106 (2007)
In the Matter of the Personal Restraint of Aaron Edward BORRERO, Petitioner.
No. 78999-1.
Supreme Court of Washington, En Banc.
Considered May 3, 2007.
Decided September 13, 2007.
*1107 Sheryl Gordon McCloud, Law Offices of Sheryl Gordon McCloud, Seattle, WA, for Petitioner.
Norman Kim Maleng, Attorney at Law, Ann Marie Summers, King County Prosecutor's Office, Seattle, WA, for Respondent.
MADSEN, J.
¶ 1 Personal restraint petitioner Aaron Borrero contends that his convictions for first degree kidnapping and attempted first degree murder violate the double jeopardy proscriptions of the state and federal constitutions. Relying on In re Personal Restraint of Orange, 152 Wash.2d 795, 100 P.3d 291 (2004), he maintains that the evidence of the kidnapping was the same evidence used to establish the substantial step element of the attempted murder. However, he has not established the claimed double jeopardy violation, and we therefore dismiss the personal restraint petition.

FACTS
¶ 2 In March 1997, Leslie Lemieux took a duffle bag containing marijuana to Kyle Anderson's home to complete a prearranged sale to Anderson. When Lemieux walked into the house, Borrero pointed a pistol at him and ordered him to lie down and Michael Vaughn held a shotgun to the back of Lemieux's head. Borrero tied Lemieux's hands and feet with wire. The marijuana was removed from the duffle bag and Lemieux was stuffed into it. Lemieux was then carried out and placed in the back of his jeep. After several hours' driving time, Lemieux was taken from the jeep while still tied and Borrero and Vaughn threw him into the Yakima River. He managed to break the bond between his hands and feet and reach the river-bank undetected. Lemieux contacted a passing motorist who summoned police.
¶ 3 Borrero was arrested in California two months later and ultimately charged with first degree kidnapping while armed with a deadly weapon and attempted first degree murder. At trial both Lemieux and Vaughn testified to the events described above; Borrero denied any involvement. Vaughn also testified that he, Borrero, and Anderson planned to rob Lemieux and then drown him, and that Anderson seized the marijuana while Lemieux was being held at gunpoint. A jury convicted Borrero on both counts and also returned a special verdict finding that Borrero was armed with a deadly weapon during commission of the kidnapping.
¶ 4 Borrero appealed, contending among other things that the trial court erroneously held the information was sufficient despite the fact it did not allege all the necessary elements of first degree murder in that it failed to expressly allege the "substantial step" element of the criminal attempt. The Court of Appeals affirmed the convictions. On discretionary review, this court affirmed the Court of Appeals, holding, among other things, that the information was sufficient because the element of "substantial step" was adequately conveyed by the word "attempt." State v. Borrero, 147 Wash.2d 353, 363, 58 P.3d 245 (2002).
¶ 5 Borrero filed a personal restraint petition, which was dismissed. Borrero filed this second personal restraint petition in this court, arguing that the evidence necessary to prove the kidnapping also proved the "substantial step" toward committing murder. *1108 He claims his convictions therefore violate double jeopardy principles.

ANALYSIS
¶ 6 Generally, on collateral review a petitioner must make a threshold showing of constitutional error causing actual prejudice or nonconstitutional error that constitutes a fundamental defect inherently resulting in a complete miscarriage of justice. In re Pers. Restraint of Dalluge, 152 Wash.2d 772, 777, 100 P.3d 279 (2004); In re Pers. Restraint of Cook, 114 Wash.2d 802, 813, 792 P.2d 506 (1990). Because Borrero alleges constitutional error, he bears the burden of establishing actual prejudice by a preponderance of the evidence. In re Pers. Restraint of Lord, 152 Wash.2d 182, 188, 94 P.3d 952 (2004). However, this burden is waived if the particular error gives rise to a conclusive presumption of prejudice. Orange, 152 Wash.2d at 804, 100 P.3d 291. If, as Borrero contends, he was unconstitutionally punished for two offenses in violation of double jeopardy principles, prejudice is established.
¶ 7 The double jeopardy clauses of the state and federal constitutions provide the same protection. Id. at 815, 100 P.3d 291; State v. Gocken, 127 Wash.2d 95, 107, 896 P.2d 1267 (1995); see U.S. CONST. amend. V; WASH. CONST. art. I, § 9. Among other things, double jeopardy principles bar multiple punishments for the same offense. Orange, 152 Wash.2d at 815, 100 P.3d 291; State v. Calle, 125 Wash.2d 769, 776, 888 P.2d 155 (1995). But, if the defendant's act supports charges under two statutes, the court must determine whether the legislature intended to authorize multiple punishments for the crimes in question. Orange, 152 Wash.2d at 815-16, 100 P.3d 291; Calle, 125 Wash.2d at 776, 888 P.2d 155 (citing Whalen v. United States, 445 U.S. 684, 688, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980)). If the legislature intended that cumulative punishments can be imposed for the crimes, double jeopardy is not offended. State v. Freeman, 153 Wash.2d 765, 771, 108 P.3d 753 (2005).
¶ 8 If the language of the criminal statutes under which the defendant has been punished does not expressly disclose legislative intent with respect to multiple punishments, the court then considers principles of statutory construction to determine whether multiple punishments are authorized. Calle, 125 Wash.2d at 777, 888 P.2d 155. The "same evidence" or Blockburger test (Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932)), is the primary rule of statutory construction used. Under this test, double jeopardy principles are violated if the defendant is convicted of offenses that are identical in fact and in law. State v. Louis, 155 Wash.2d 563, 569, 120 P.3d 936 (2005); Calle, 125 Wash.2d at 777, 888 P.2d 155. If each offense contains an element not contained in the other, the offenses are not the same; if each offense requires proof of a fact that the other does not, the court presumes the offenses are not the same. Orange, 152 Wash.2d at 816-18, 100 P.3d 291; Calle, 125 Wash.2d at 777-78, 888 P.2d 155.
¶ 9 Where one of the two crimes is an attempt crime, the test requires further refinement. This is because the criminal attempt statute contains the element that the person "does any act which is a substantial step toward the commission of that crime." RCW 9A.28.020(1). Since the same evidence test requires the court to determine whether each offense requires proof of a fact that the other does not, the "abstract" term "substantial step" must be given a factual definition to assess whether the attempted crime requires proof of a fact that is not required in proving the other crime. Orange, 152 Wash.2d at 818, 100 P.3d 291. The "substantial step" element is thus a "placeholder" in the statute defining attempt, lacking meaning until the facts of the particular case are considered. Id. Only by examining the actual facts constituting the "substantial step" can the determination be made that the defendant's double jeopardy rights have been violated.
¶ 10 Here, Borrero was charged with first degree kidnapping under RCW 9A.40.020(1)(b), in that he "did intentionally abduct Leslie Lemieux, a human being, with intent to facilitate commission of the felony of Robbery in the First Degree, and flight thereafter." Opening Br. in Supp. of Pers. Restraint Pet., App. A (Second Am. Information *1109 (filed Feb. 4, 1998)). The information also charged that Borrero "with premeditated intent to cause the death of another person did attempt to cause the death of Leslie Lemieux, a human being." Id. Under RCW 9A.28.020(1), "[a] person is guilty of an attempt to commit a crime if, with intent to commit a specific crime, he or she does any act which is a substantial step toward the commission of that crime." A person is guilty of first degree murder as charged when "[w]ith a premeditated intent to cause the death of another person, he or she causes the death of such person or of a third person." RCW 9A.32.030(1)(a).
¶ 11 As Borrero maintains, the State did not identify in the charging instrument what facts constituted the substantial step element of the attempted murder. He reasons that having instead used the term "attempt," which this court found sufficient in the charging instrument, the State must live with the consequence of this charging decision. The consequence, according to Borrero, is that the facts required to prove the kidnapping should be considered to be the same facts that the jury relied on in convicting him of attempted murder. These facts, Borrero maintains, are the abducting, moving, secreting, tying, and throwing Lemieux into the jeep, onto the ground, and into the river, which satisfy the elements of kidnapping.
¶ 12 Borrero argues, essentially, that where the facts comprising the element of "substantial step" are not identified in the charging instrument, the court should infer that the trier of fact relied on only the facts tending to prove both crimes. But this may not be what actually occurred, and the Court of Appeals rejected a similar argument in State v. Esparza, 135 Wash.App. 54, 143 P.3d 612 (2006). There, the defendant maintained that an assault was the substantial step toward the commission of attempted first degree robbery. The court noted that the elements of attempted robbery, including the substantial step, were only generically alleged in the charging instrument, and it was therefore not clear that the assault was the substantial step required to be proved by the State in order to prove commission of the attempted robbery. Id. at 63, 143 P.3d 612. In addition, the assault did not necessarily constitute the substantial step because, based on the proof at trial, there was other conduct not constituting assault that would be sufficient to establish that the defendant took a substantial step toward commission of first degree robbery. Id. at 64, 143 P.3d 612. The court concluded that under the facts "it was not required for the State to prove facts sufficient to convict [the defendant] of second degree assault in order for it to prove [he] committed the offense of first degree attempted robbery." Id.
¶ 13 The same is true here. Because the information lists the elements in only "generic" terms, it is not clear that the kidnapping was a substantial step required to be proved in order to prove attempted murder. As in Esparza, different facts would support the two convictions. A "substantial step" is conduct strongly corroborative of the actor's criminal purpose. State v. Townsend, 147 Wash.2d 666, 679, 57 P.3d 255 (2002). The fact that Borrero and Vaughn threw Lemieux into the river while he was bound would be sufficient to prove the substantial step required for attempted first degree murder. The fact they threw him into the river is not necessary to the proof of kidnapping, however. Instead, the kidnapping conviction is supported by facts establishing that Borrero and Vaughn intentionally restrained Lemieux without his consent by "hog-tying" him and secreting him in the duffle bag in order to facilitate taking the marijuana from him and against his will by the use of immediate forceuse of the firearms(as well as by fear of injury), all while armed with deadly weapons. But without the evidence of throwing Lemieux into the river, evidence establishing the kidnapping arguably does not also establish the attempted murder. In any event, the facts required to prove the attempted first degree murder would not be sufficient to prove the kidnapping because throwing Lemieux into the river while bound would not establish a kidnapping with intent to facilitate robbery or flight therefrom.
¶ 14 Borrero has not established that he is being punished twice for the same offense based on his theory that the kidnapping constitutes *1110 the substantial step element of the attempted first degree murder.[1]
¶ 15 Moreover, first degree kidnapping as charged and attempted first degree murder have different mental elements. First degree kidnapping as charged requires proof of intentionally abducting another with intent to facilitate commission of first degree robbery or flight therefrom. The attempt statute requires the specific intent to commit the crime attempted, here, the premeditated intent to cause the death of another person. RCW 9A.28.020(1); RCW 9A.32.030(1)(a); see, e.g., State v. Dunbar, 117 Wash.2d 587, 590, 817 P.2d 1360 (1991) (attempted murder requires the specific intent to kill another person); State v. Smith, 115 Wash.2d 775, 782, 801 P.2d 975 (1990) (same). As the State contends, attempted murder in the first degree requires proof of premeditated intent to cause the death of another person that the kidnapping in the first degree does not. The intent element of first degree kidnapping with intent to facilitate or flee from first degree robbery and the intent element of attempted first degree murder are different in law and require different proof.
¶ 16 Under the same evidence test and the additional analysis provided for under Orange where one offense is an attempt crime, a presumption arises in this case that the first degree kidnapping as charged and the attempted first degree murder as charged are not the same in fact and in law. Borrero does not maintain that there is any "clear indication of contrary legislative intent," and points to no evidence overriding the presumption. Calle, 125 Wash.2d at 778-80, 888 P.2d 155. Therefore, his claim that double jeopardy principles were violated fails.

CONCLUSION
¶ 17 Borrero has not carried the burden of establishing constitutional error and it follows that he has not made the required threshold showing of constitutional error causing him actual prejudice. Accordingly, his personal restraint petition is denied.
WE CONCUR: GERRY L. ALEXANDER, C.J., TOM CHAMBERS, CHARLES W. JOHNSON, SUSAN OWENS, MARY E. FAIRHURST, JAMES M. JOHNSON, and BOBBE J. BRIDGE, JJ.
SANDERS, J. (dissenting).
¶ 18 The majority holds Aaron Borrero's convictions for first degree kidnapping and attempted first degree murder do not violate his constitutional protections against double jeopardy. I disagree. The State used the kidnapping to prove a necessary element of the attempted murder charge. Both charges relied on the same evidence and were the same in fact and in law, and Borrero cannot be punished twice for the same offense. Therefore, both convictions violate double jeopardy.
¶ 19 The United States Constitution guarantees no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Washington Constitution guarantees "[n]o person shall be . . . twice put in jeopardy for the same offense." WASH. CONST. art. I, § 9. To determine whether two convictions violate double jeopardy, we apply the Blockburger test and ask whether "[e]ach of the offenses . . . requires proof of a different element." Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932) ("[T]he test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."). An attempt to commit a crime creates a particularly difficult issue because for the State to prove attempted murder it must show Borrero committed a "substantial step" toward the commission of *1111 the crime. RCW 9A.28.020(1) ("A person is guilty of an attempt to commit a crime if, with intent to commit a specific crime, he or she does any act which is a substantial step toward the commission of that crime."). A substantial step must be "`strongly corroborative of the actor's criminal purpose." State v. Workman, 90 Wash.2d 443, 451-52, 584 P.2d 382 (1978) (noting also mere preparation is not enough to show a "substantial step" and quoting Model Penal Code § 5.01(2) (Proposed Official Draft, 1962)). And most important for our purpose, we define what a substantial step is only in relation to the particulars facts and circumstances of each case. Majority at 1108 (citing In re Pers. Restraint of Orange, 152 Wash.2d 795, 818, 100 P.3d 291 (2004)). Here, Borrero took a substantial step toward committing murder by kidnapping Leslie Lemieux.
¶ 20 But the State cannot charge and punish a defendant for a crime when that crime is also used to prove the substantial step of an attempt charge. In In re Orange, 152 Wash.2d at 814, 100 P.3d 291, the defendant was charged with attempted murder and assault. Applying the Blockburger test, we held the assault was the substantial step, and therefore Orange could not be punished for both crimes because they "were the same in fact and in law." Id. at 820, 100 P.3d 291. Similarly, the Court of Appeals held in State v. Valentine, 108 Wash.App. 24, 26, 29 P.3d 42 (2001), "[i]t is a double jeopardy violation to punish a stabbing separately as an assault when it is also the substantial step used to prove attempted murder." See In re Orange, 152 Wash.2d at 817, 100 P.3d 291 (citing Valentine's result with approval). This principle is well established not only by our courts, but by the United States Supreme Court as well. See Harris v. Oklahoma, 433 U.S. 682, 683, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977) (per curiam) ("`[A] person [who] has been tried and convicted for a crime which has various incidents included in it, . . . cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offence.'" (alterations in original) (quoting In re Nielsen, 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889))).
¶ 21 So too it also violates double jeopardy to punish a kidnapping separately when it is the "substantial step" used to prove attempted murder. The majority claims, however, the kidnapping did not necessarily constitute the substantial step. Majority at 1109. The majority dissects Borrero's conduct into discrete acts, claiming the jury might have relied on some particular aspect of Borrero's conduct (but not others) to support the attempted murder charge, and thus the jury did not necessarily rely on the entire kidnapping to find Borrero took a "substantial step" toward murder. Majority at 1109. But no other conduct could have possibly filled the "substantial step" placeholder. And no other conduct was strongly corroborative of Borrero's overall purpose. Borrero waited for the victim, Leslie Lemieux, then with his accomplices stuffed Lemieux into a bag, bound and gagged him, and attempted to kill him by throwing the duffel bag into the Yakima River. The kidnapping was clearly the "substantial step" toward attempted murder.
¶ 22 To suggest the jury engaged in a pick-and-choose analysis, without considering Borrero's conduct as a whole, is somewhat incredulous. One cannot parse Borrero's conduct into separate moments, considering only certain aspects of what happened while ignoring others. Rather, the conduct must be viewed as a whole: Borrero kidnapped Lemieux to kill him. Indeed, the attempted murder hinged on the kidnapping. But for the kidnapping, Borrero could not have thrown Lemieux into the river or attempted to kill him. The two crimes were based on the same conduct, and the same evidence was required to support the conviction for first degree attempted murder as well as kidnapping. In other words, the kidnapping charge does not require proof of a fact not required by the attempted murder chargespecifically the "substantial step" element.
¶ 23 Therefore, it violates double jeopardy to punish Borrero separately for kidnapping when it is also the substantial step used to prove attempted murder.
¶ 24 I dissent.
NOTES
[1] Borrero also makes an attempt to establish double jeopardy was violated by the jury instructions given. He imports an analysis, regarding accomplice liability instructions that have been found to be unconstitutional, arguing that the jury instructions here allowed the jury to conclude that even an intent to kidnap for the purpose of committing a robbery fits the description of "substantial step" for purposes of the attempted murder charge. We are unconvinced by the argument, but suffice it to say that instructions 15, 16, and 18 properly instructed the jury that the defendant would be guilty of attempted murder in the first degree if he did any act that was a substantial step toward the commission of murder in the first degree.