[No. 62682-5-I.   Division One.   April 4, 2011.]

*In the Matter of the Personal Restraint of* REYNALDO DELGADO, *Petitioner*.

900

*David B. Koch* (of *Nielsen, Broman & Koch PLLC*), for petitioner.

*Daniel T. Satterberg, Prosecuting Attorney*, and *Ann Marie Summers, Deputy*, for respondent.

¶1 DWYER, C.J. — In this petition for relief from personal restraint, Reynaldo Delgado claims that the trial court's instructions to the jury in his trial on charges of child rape and child molestation suffered from the same deficiencies as those in *State v. Borsheim*, 140 Wn. App. 357, 165 P.3d 417 (2007), thus violating his right to be free from double jeopardy. While Delgado's analysis of the jury instructions in his case is correct, it is also true that on direct appeal, in an opinion filed before *Borsheim* was decided, Delgado's convictions were affirmed in an opinion that rejected his double jeopardy claim. Because Delgado is not entitled to the direct appeal standard of review in this collateral proceeding, he must demonstrate actual and substantial prejudice in order to establish an entitlement to relief. He does not do so. Accordingly, his request for relief is denied.

I

¶2 A jury found Delgado guilty of two counts of rape of a child in the first degree and one count of child molestation in the first degree based on acts that involved Delgado's young daughter, whom he sexually abused over the course of two years.

¶3 Delgado appealed from the judgment entered on the jury's verdicts finding him guilty of all charges. On direct appeal, Delgado contended, among other things, that the trial court's instructions to the jury violated his right to a unanimous verdict and his right to be free from double jeopardy because the instructions did not explain the una-

nimity requirement or inform the jury that, to convict on multiple counts, each count must be based on proof of separate and distinct acts.

¶4 Delgado's double jeopardy challenge was rejected by a panel of our court in an unpublished opinion. *State v. Delgado*, noted at 139 Wn. App. 1068, 2007 WL 2085344, 2007 Wash. App. LEXIS 2098, *review denied*, 163 Wn.2d 1027 (2008). In the course of affirming Delgado's convictions, the court stated:

> Here, Instructions 7 and 8 told the jury that it must "unanimously agree as to which act or acts have been proved beyond a reasonable doubt" and correctly told the jury that its "verdict on one count should not control [the] verdict on any other count." These instructions protected Delgado's right to jury unanimity and instructed the jury to decide each count separately. The court could properly instruct the jury to consider the criminal acts that took place between August 2002 and August 2004 for both rape counts, rather than identify a specific act that occurred during that period without violating Delgado's right to be free from double jeopardy because its *Petrich*[1] instruction told the jury it had to unanimously agree on specific acts to support each count. In addition, the State clearly elected two separate acts of rape, vaginal and oral penetration, as the criminal acts associated with the two counts during its closing arguments. The trial court did not violate Delgado's right to a fair trial or to be free from double jeopardy.

*Delgado*, 2007 WL 2085344, at *4, 2007 Wash. App. LEXIS 2098, at *9-10 (alteration in original). Delgado did not file a motion for reconsideration.[2]

¶5 Thirty-five days after our opinion resolving Delgado's direct appeal was filed, we issued our opinion in *Borsheim*, in which we held that jury instructions almost identical to the ones given to the jury in Delgado's case did not make it manifestly apparent to the jury that, to convict on multiple counts, each count had to be based on proof of separate and

---

[1] *State v. Petrich*, 101 Wn.2d 566, 683 P.2d 173 (1984).

[2] Delgado filed a petition for review in our Supreme Court. The court denied his petition eight months after the *Borsheim* opinion was filed.

distinct acts. This error, we determined, required vacation of all but one of the convictions because of the possibility that the defendant's right to be free from double jeopardy had been violated.

¶6 Delgado now files a personal restraint petition (PRP), raising numerous issues including whether his right to be free from double jeopardy was violated by virtue of the jury instructions given. The double jeopardy issue was determined to be nonfrivolous, and counsel was appointed to represent him on that issue.[3]

## II

¶7 "In order to prevail on a personal restraint petition, a petitioner must establish that there was a constitutional error that resulted in actual and substantial prejudice to the petitioner or that there was a nonconstitutional error that resulted in a fundamental defect which inherently results in a complete miscarriage of justice." *In re Pers. Restraint of Woods*, 154 Wn.2d 400, 409, 114 P.3d 607 (2005).[4] "This threshold requirement is necessary to preserve the societal interest in finality, economy, and integrity of the trial process. It also recognizes that the petitioner has had an opportunity to obtain judicial review by appeal." *Woods*, 154 Wn.2d at 409.

## III

¶8 Delgado contends that he has made the necessary showing of trial court error. In so contending, he points to the jury instructions given at his trial, which failed to instruct the jury that to convict him of multiple counts of rape of a child in the first degree, the verdict on each count

---

[3] The other issues raised by Delgado in his PRP were severed for consideration apart from the double jeopardy issue addressed herein.

[4] "This actual and substantial prejudice standard does not apply when the petitioner has not had a prior opportunity to appeal the issue to a disinterested judge." *In re Pers. Restraint of Sandoval*, 171 Wn.2d 163, 168, 249 P.3d 1015 (2011).

must be based on proof of separate and distinct acts. We agree.

¶9 "[I]n sexual abuse cases where multiple identical counts are alleged to have occurred within the same charging period," the trial court must explicitly instruct the jury that they are to find " 'separate and distinct acts' " for convictions on each count or must otherwise make "the need for a finding of 'separate and distinct acts' manifestly apparent to the average juror." *Borsheim*, 140 Wn. App. at 367-68 (quoting *State v. Hayes*, 81 Wn. App. 425, 431, 914 P.2d 788 (1996)); *accord State v. Berg*, 147 Wn. App. 923, 932, 198 P.3d 529 (2008). In the absence of such instruction, it is possible for the jury, consistent with its instructions, to unanimously find that only one act had been proved beyond a reasonable doubt and yet base multiple convictions on proof of that single act. *Berg*, 147 Wn. App. at 931-35; *Borsheim*, 140 Wn. App. at 366-70. Where this trial error has been found to be present in cases on direct appeal, the proper remedy has been to vacate all but one of the defendant's convictions of the same offense. *See, e.g., Berg*, 147 Wn. App. at 937; *Borsheim*, 140 Wn. App. at 371.

¶10 The trial court's instructions to Delgado's jury were comparable to those given in *Borsheim* and *Berg*. The instructions to Delgado's jury did not explicitly require the jury to base each conviction upon a separate and distinct act. As a result of this instructional error, Delgado was "potentially exposed . . . to multiple punishments for a single offense," *Berg*, 147 Wn. App. at 935, because it was possible for the jury to base both of Delgado's convictions for rape of a child in the first degree on proof of a single underlying event. However, our determination that the instructions did not preclude the possibility of a double jeopardy violation does not fully resolve our inquiry as to whether Delgado is entitled to relief in this collateral proceeding.

## IV

¶11 Despite the fact that Delgado's claim of error is raised in a PRP, he contends that we should review the trial court's instructional error under the standard of review applicable on direct appeal. This is so, he asserts, because the appellate court "made a mistake" in resolving his direct appeal and, thus, effectively denied Delgado his constitutional right to appeal. We disagree.

¶12 Where a personal restraint petitioner "shows that, in effect, he received no appeal, then reinstatement of the appeal may be granted." *In re Pers. Restraint of Frampton*, 45 Wn. App. 554, 561, 726 P.2d 486 (1986). Granting reinstatement of a direct appeal because the petitioner was deprived of the right to appeal is uncommon. This remedy has been provided only in extremely unusual circumstances, such as where appellate counsel failed to raise any "guilt phase" issues in a death penalty case in which nonfrivolous issues could have been raised, *Frampton*, 45 Wn. App. at 561-63, or where a trial court was able to provide only an "incomplete transcription" of the trial record for use on direct appeal, thereby preventing issues from being raised and resolved in that appeal. *Woods*, 154 Wn.2d at 410 (applying direct appeal standard of review to issues presented in a PRP).

¶13 Delgado was not denied the right to appeal from his convictions. In fact, this court reviewed and resolved the issue now raised. There is no doubt that Delgado received appellate review of his trial and of his double jeopardy claim in particular. That later-decided cases resolved the issue differently provides him a basis to establish the existence of error; it does not provide him a basis to avoid the necessity of demonstrating, in this collateral proceeding, that the error worked to his actual and substantial prejudice.

V

¶14 Without the benefit of the standard of review applicable on direct appeal, Delgado must satisfy the above-described standard of review applicable on collateral review. Delgado alleges a constitutional error. Thus, he bears the burden of establishing actual and substantial prejudice by a preponderance of the evidence. *In re Pers. Restraint of Borrero*, 161 Wn.2d 532, 536, 167 P.3d 1106 (2007). However, this burden may be met where the particular error "gives rise to a conclusive presumption of prejudice." *In re Pers. Restraint of St. Pierre*, 118 Wn.2d 321, 328, 823 P.2d 492 (1992); *Borrero*, 161 Wn.2d at 536.

¶15 Accordingly, we must determine whether the particular instructional error asserted by Delgado gives rise to a conclusive presumption of prejudice. As discussed above, where the trial court's instructions failed to inform the jury that to convict the defendant on multiple counts of the same offense, a verdict on each of the counts must be based on proof of a different underlying act, the proper remedy has been to vacate all but one of the defendant's convictions of the same crime. *See, e.g., Berg*, 147 Wn. App. at 937; *Borsheim*, 140 Wn. App. at 371. However, even where an error is deemed conclusively prejudicial on direct review, the error will not necessarily be so considered in the context of a PRP:

> In dicta, we have previously suggested constitutional errors which can never be considered harmless on direct appeal will also be presumed prejudicial for the purposes of personal restraint petitions. *In re [Pers. Restraint of] Boone*, 103 Wn.2d 224, 233, 691 P.2d 964 (1984). We now reject this proposition.
>
> A personal restraint petition is not to operate as a substitute for a direct appeal. *In re [Pers. Restraint of] Hagler*, 97 Wn.2d 818, 824, 650 P.2d 1103 (1982). We have limited the availability of collateral relief because it undermines the principles of finality of litigation, degrades the prominence of trial, and sometimes deprives society of the right to punish admitted offenders. *Hagler*, 97 Wn.2d at 824. Therefore, *we decline to*

*adopt any rule which would categorically equate per se preju-
dice on collateral review with per se prejudice on direct review.*
Although some errors which result in per se prejudice on direct
review will also be per se prejudicial on collateral attack, the
interests of finality of litigation demand that a higher standard
be satisfied in a collateral proceeding.

*St. Pierre,* 118 Wn.2d at 328-29 (emphasis added).

¶16 In *St. Pierre,* our Supreme Court held that errors in
a charging document are not considered per se prejudicial
on collateral review. 118 Wn.2d at 329. In so holding, the
court reasoned that the state and federal constitutions
guarantee criminal defendants the right to be apprised of
the nature of charges against them, and "[t]he essential
purpose of this guaranty is to provide notice." *St. Pierre,* 118
Wn.2d at 329. Because there is a possibility that a defen-
dant could be provided ample notice notwithstanding the
existence of a technically defective charging document, such
an error, the court determined, does not warrant applica-
bility of a rule of per se prejudice on collateral review.

¶17 Other constitutional errors that are considered pre-
sumptively prejudicial on direct review have been found not
to be so on collateral review. These include the failure to
give a presumption of innocence instruction, *In re Pers.
Restraint of Lile,* 100 Wn.2d 224, 228, 668 P.2d 581 (1983);
improper instructions regarding intent, *In re Pers. Re-
straint of Haverty,* 101 Wn.2d 498, 504-06, 681 P.2d 835
(1984); and erroneous instructions regarding an affirma-
tive defense, *In re Pers. Restraint of Benn,* 134 Wn.2d 868,
940, 952 P.2d 116 (1998); *In re Pers. Restraint of Mercer,* 108
Wn.2d 714, 721-22, 741 P.2d 559 (1987).

¶18 Similarly, those errors that are subject to a harmless
error analysis on direct appeal are not considered per se
prejudicial on collateral review. Thus, an erroneous accom-
plice liability instruction that did not require the defendant
to have been found to be an accomplice in the particular
crime charged is not considered per se prejudicial on
collateral review. *In re Pers. Restraint of Sims,* 118 Wn. App.
471, 477-78, 73 P.3d 398 (2003). Additionally, to be entitled

to relief, a personal restraint petitioner must show that actual and substantial prejudice resulted from trial court confrontation clause violations. *In re Pers. Restraint of Grasso*, 151 Wn.2d 1, 19, 84 P.3d 859 (2004).

¶19 Against the weight of this authority, Delgado contends that all double jeopardy violations must be considered per se prejudicial on collateral review. We disagree.

¶20 The double jeopardy clause of the United States Constitution provides that "[n]o person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. Similarly, the Washington Constitution provides that "[n]o person shall . . . be twice put in jeopardy for the same offense." WASH. CONST. art. I, § 9. The double jeopardy clause of the Washington Constitution "is given the same interpretation the [United States] Supreme Court gives to the Fifth Amendment." *State v. Gocken*, 127 Wn.2d 95, 107, 896 P.2d 1267 (1995). The double jeopardy clauses provide three different protections for defendants, "one of which protects against multiple punishments for the same offense." *State v. Bobic*, 140 Wn.2d 250, 260, 996 P.2d 610 (2000).

¶21 Delgado contends that our Supreme Court has already determined that this category of double jeopardy violation must be considered per se prejudicial on collateral review, citing *Borrero*, 161 Wn.2d 532. Borrero was convicted of kidnapping in the first degree while armed with a deadly weapon and attempted murder in the first degree. *Borrero*, 161 Wn.2d at 534. Ultimately, Borrero filed a PRP, claiming that his convictions violated double jeopardy principles because the evidence necessary to prove the kidnapping charge also proved the "substantial step" required to convict him of attempted murder. *Borrero*, 161 Wn.2d at 535. In the course of its decision, the court observed that "[i]f, as Borrero contends, he was unconstitutionally punished for two offenses in violation of double jeopardy principles, prejudice is established." *Borrero*, 161 Wn.2d at 536.

¶22 This statement, however, does not establish that the error present in the trial court's instructions to Delgado's jury must be considered per se prejudicial on collateral review. Notably, the double jeopardy violation raised in *Borrero*—that Borrero was convicted of two *different* crimes based on evidence of one act—is not of the same type as the one alleged by Delgado—that Delgado may have been convicted of the *same* crime twice based on evidence of the same act. Moreover, the Supreme Court's discussion in *Borrero* was dicta: the court never resolved the question of whether prejudice was presumed or, rather, actually established by the double jeopardy violation claimed in that case because the court held that the petitioner could not establish the constitutional error asserted. 161 Wn.2d at 540. Although *Borrero* may stand for the proposition that the particular type of double jeopardy violation addressed therein must be considered per se prejudicial, it unquestionably does not stand for the proposition that *all* double jeopardy violations are per se prejudicial.[5]

¶23 Pertinent to our analysis is the fact that a double jeopardy violation may be waived in particular circumstances. Notably, as a general rule, "a defendant who has entered a plea of guilty to a criminal charge may not assert a double jeopardy claim in a collateral attack upon the sentence." *In re Pers. Restraint of Newlun*, 158 Wn. App. 28, 33, 240 P.3d 795 (2010); *see also United States v. Broce*, 488 U.S. 563, 573-75, 109 S. Ct. 757, 102 L. Ed. 2d 927 (1989). In order for a defendant to raise a double jeopardy claim after a guilty plea, the violation must be clear from the record that was before the judge at the time of accepting the plea;

_____

[5] Similarly, our Supreme Court's decision in *In re Personal Restraint of Orange*, 152 Wn.2d 795, 100 P.3d 291 (2004), does not resolve the question presented herein. In *Orange*, the court, because it was granting the PRP on another issue, addressed the double jeopardy issue presented therein only "for purposes of guidance on retrial." *Orange*, 152 Wn.2d at 822. Thus, although the court concluded that the petitioner's convictions for first degree attempted murder and first degree assault based on evidence of the same act violated double jeopardy principles, and it cautioned against entering judgment on both counts on retrial, it did not discuss whether the petitioner proved actual and substantial prejudice or whether such prejudice was presumed.

otherwise, the double jeopardy claim is waived. *State v. Knight*, 162 Wn.2d 806, 811, 174 P.3d 1167 (2008); *Newlun*, 158 Wn. App. at 33-34. That a double jeopardy violation may be waived indicates that not *all* double jeopardy violations are so severe that they should be considered per se prejudicial on collateral review.

¶24 Where the essential purpose of a constitutional protection can be satisfied in collateral proceedings without a per se prejudice rule, such a rule should not be adopted. *See St. Pierre*, 118 Wn.2d at 328-29. The constitutional provisions prohibiting double jeopardy endeavor to protect a defendant from being punished twice for the same act where the legislature did not intend for multiple punishments to be imposed. *State v. Baldwin*, 150 Wn.2d 448, 453-54, 78 P.3d 1005 (2003).

¶25 A per se prejudice rule is appropriate where it is certain that the defendant suffered multiple punishments for the same act, as where the State charged and the defendant was convicted of more than one crime based on only one action.[6] Such an error is properly subject to a per se prejudice rule because there is no possibility that the jury used different actions as the basis for the convictions. *See, e.g., In re Pers. Restraint of Francis*, 170 Wn.2d 517, 524-25, 242 P.3d 866 (2010) (holding that the defendant's convictions violate double jeopardy and vacating the conviction on the lesser offense without a discussion of actual prejudice). In such a case, the mere fact of conviction constitutes a showing of prejudice sufficient to warrant relief. The error is inherently prejudicial.

¶26 However, where it is possible that an error did not cause a defendant to be twice put in jeopardy, the constitution does not require that a per se prejudice rule be applied.

---

[6] Two types of double jeopardy violations may arise where the State charges the defendant with multiple crimes based upon the same action: "Unit of prosecution" violations occur where a defendant is twice convicted for the same offense, e.g., two counts of robbery for the same action; "same offense" violations occur where a defendant is convicted of two offenses that require merger upon conviction, e.g., a count of felony murder and a count on the underlying robbery for the same action. *In re Pers. Restraint of Francis*, 170 Wn.2d 517, 522 n.2, 242 P.3d 866 (2010).

Where the defendant alleges that the jury *may* have relied on only one act as the basis for multiple convictions because the jury instructions did not make the legal standard manifestly clear, the defendant is alleging that a theoretical or potential violation of the double jeopardy prohibition is established. However, where separate and distinct acts were the basis for each of the multiple charges and evidence of separate and distinct acts was presented at trial, a jury, even where confronted with deficient instructions, may still find a defendant guilty of different counts of the same crime based on proof of separate and distinct acts. In such a circumstance, the defendant would not have been twice put in jeopardy. Thus, the absence of instructions conveying the separate and distinct acts requirement does not inherently create a constitutional violation. Accordingly, we decline to adopt a rule of per se prejudice on collateral review for this instructional error.

## VI

¶27 Because the instructional error present in Delgado's trial is not one that is considered per se prejudicial, Delgado must prove by a preponderance of the evidence that he was actually and substantially prejudiced by the instructional error. *Woods*, 154 Wn.2d at 409. He does not.

¶28 "Actual prejudice must be determined in light of the totality of circumstances. This court will consider the jury instructions given, the arguments of counsel, weight of evidence of guilt, and other relevant factors in evaluating whether a particular instruction caused actual prejudice." *In re Pers. Restraint of Music*, 104 Wn.2d 189, 191, 704 P.2d 144 (1985). The ultimate question in determining whether actual prejudice exists is whether the error "so infected petitioner's entire trial that the resulting conviction violates due process." *Music*, 104 Wn.2d at 191. Relief is warranted where we have " 'a grave doubt as to the harmlessness of an error.' " *Sims*, 118 Wn. App. at 477 (internal quotation marks omitted) (quoting *In re Pers. Restraint of Smith*, 117 Wn. App. 846, 860, 73 P.3d 386 (2003)).

¶29 Delgado does not even attempt to establish actual prejudice. He argues only that "[i]n light of the instructions, jurors were free to—and most likely did—choose the path of least resistance and simply based both convictions on one act of rape." Br. of Pet'r at 14. Delgado offers nothing in support of this bald assertion that the jury "most likely did" focus on a single act in choosing to convict him on multiple counts. Such a bald assertion cannot be confused with proof. Delgado's general claim of possible prejudice is not sufficient to establish actual prejudice. " 'The burden of proving *actual* prejudice rests with the petitioner. *Possible* prejudice will not be sufficient.' " *Haverty*, 101 Wn.2d at 506 (quoting *In re Pers. Restraint of Hews*, 99 Wn.2d 80, 93, 660 P.2d 263 (1983)). It is Delgado's burden to prove actual prejudice by a preponderance of the evidence. This he has not done.[7]

¶30 We deny Delgado's petition as to this issue. The petition is dismissed.[8]

Cox and Leach, JJ., concur.

---

[7] The evidence presented at trial provided a factual basis supporting convictions of two counts of rape of a child in the first degree based on separate and distinct acts: at trial, Delgado's daughter "described having intercourse and oral sex with him on many occasions" in different locations over the course of two years. *Delgado*, 2007 WL 2085344, at *1, 2007 Wash. App. LEXIS 2098, at *2. During closing argument, "the State clearly elected two separate acts of rape, vaginal and oral penetration, as the criminal acts associated with the two counts." *Delgado*, 2007 WL 2085344, at *4, 2007 Wash. App. LEXIS 2098, at *10.

[8] The remaining issues raised in Delgado's PRP are dismissed by separate order filed today.