IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 39014-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| KELLY DIANE GLEASON, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Kelly Gleason appeals her convictions for second degree assault and vehicular assault. She argues that insufficient evidence supports her vehicular assault conviction and, alternatively, that her multiple convictions violate the constitutional prohibition of double jeopardy. We reject Ms. Gleason's sufficiency challenge but agree, as the State concedes, with the double jeopardy challenge. We also agree with Ms. Gleason's objection to imposition of the crime victim penalty assessment. This matter is remanded with instructions to vacate the vehicular assault conviction and strike the victim penalty assessment.

FACTS

The State charged Kelly Gleason with one count of second degree assault, RCW 9A.36.021(1)(a), and one count of vehicular assault, RCW 46.61.522(1)(a). The charges stemmed from an altercation between Ms. Gleason and Michael Mahood

in a Walmart parking lot in Wenatchee. Mr. Mahood and Ms. Gleason both called the police. Law enforcement obtained surveillance video from Walmart that captured the incident.

The video and later testimony revealed that, while driving down through the parking lot, Ms. Gleason stopped her sedan and waited for a car ahead of her to back out of a parking space. While she was waiting, Mr. Mahood backed his truck out of a nearby space and struck Ms. Gleason's sedan. Mr. Mahood got out of his truck, walked toward Ms. Gleason's driver-side window, and spoke to her. As Mr. Mahood walked away, he passed the front of Ms. Gleason's car. Ms. Gleason's sedan lurched forward, turned slightly, and struck Mr. Mahood, knocking him to the ground.

Ms. Gleason and Mr. Mahood disputed the details of the altercation. According to Ms. Gleason, she was reaching toward the glove compartment to retrieve insurance information when her foot slipped from the brake, causing the vehicle to lurch forward. She claimed she did not intend to strike Mr. Mahood. But Mr. Mahood said he could hear Ms. Gleason's car engine rev before he was struck. In addition, after he got up from his fall, Mr. Mahood claimed Ms. Gleason yelled, "'I told you I wanted your f[******] insurance.'" 1 Rep. of Proc. (RP) (Jun. 10, 2022) at 243.

Mr. Mahood went to the emergency room later that day, complaining of pain in his left lower back and left hip. A physical examination revealed various abrasions and bruises. It was later determined from radiology studies that Mr. Mahood had a fractured pelvis.

Ms. Gleason's case proceeded to a jury trial. In addition to testimony from a police detective, the doctor who treated Mr. Mahood's injuries, and the Walmart employee who pulled the surveillance video for law enforcement, Mr. Mahood and Ms. Gleason both testified. The surveillance video was published to the jury and played multiple times during trial.

The trial court instructed the jury. To establish its charge of second degree assault, the State had to prove Ms. Gleason "intentionally assaulted" Mr. Mahood, "thereby recklessly inflict[ing] substantial bodily harm." Clerk's Papers (CP) at 17; 1 RP (Jun. 10, 2022) at 283; *see* RCW 9A.36.021(1)(a). To secure a conviction for vehicular assault, the State was obliged to prove Ms. Gleason "proximately caused substantial bodily harm to another" by operating her car "in a reckless manner." CP at 19; 1 RP (Jun. 10, 2022) at 283-84; *see* RCW 46.61.522(1)(a).

The jury returned guilty verdicts on both charges. The trial court entered convictions for both crimes, but found Ms. Gleason's two crimes "encompass[ed] the

3

same criminal conduct" and thus counted only as one crime for purposes of determining her offender score. CP at 35; *see* RCW 9.94A.589(1)(a). The trial court noted each crime carried the same standard sentencing range, and imposed identical 15-month terms of confinement for each charge, to run concurrently. Because the trial court found Ms. Gleason to be indigent it imposed only a $500 crime victim penalty assessment.

Ms. Gleason timely appeals from her judgment and sentence.

## ANALYSIS

*Sufficiency of the evidence for vehicular assault*

Ms. Gleason argues insufficient evidence supports her conviction for vehicular assault. The test for determining evidentiary sufficiency is whether any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Mines*, 163 Wn.2d 387, 391, 179 P.3d 835 (2008). The evidence—and all reasonable inferences flowing from that evidence—must be viewed in a light most favorable to the State. *State v. Kintz*, 169 Wn.2d 537, 551, 238 P.3d 470 (2010).

To convict Ms. Gleason of vehicular assault, the State was required to prove (1) that her operation of her car proximately caused substantial bodily harm to Mr. Mahood, and (2) that she operated her car "in a reckless manner." CP at 19; *see* RCW 46.61.522(1)(a). Ms. Gleason claims there was insufficient evidence as to the

second element. While the vehicular assault statute does not define "'in a reckless manner,'" case law firmly establishes this term of art means "'driving in a rash or heedless manner, indifferent to the consequences.'" *State v. Roggenkamp*, 153 Wn.2d 614, 621-22, 106 P.3d 196 (2005) (quoting *State v. Bowman*, 57 Wn.2d 266, 270-71, 356 P.2d 999 (1960)).

This court is "highly deferential" to a jury's assessment of the evidence, *State v. Davis*, 182 Wn.2d 222, 227, 340 P.3d 820 (2014) (plurality opinion), and Ms. Gleason has provided no reason for us to deviate from that practice. Ms. Gleason's own version of events was that her foot slipped from the brake and inadvertently pressed the gas pedal while she reached toward her glove box to retrieve insurance information. Even crediting that version of events, a jury could reasonably infer Ms. Gleason operated her sedan heedlessly and indifferently when she failed to put her car in park while taking her eyes off the windshield and extending her body toward her glove box, knowing Mr. Mahood stood nearby. Nor does Ms. Gleason provide any cogent reason this court should accept her apparent contention that driving "in a reckless manner," RCW 46.61.522(1)(a), requires more than a "momentary lapse" in attentiveness. Opening Br. of Appellant at 12.

And crucially, the jury's guilty verdict as to second degree assault reveals it did *not* credit Ms. Gleason's version of events, because it decided that she "*intentionally*

assaulted" Mr. Mahood. CP at 17 (emphasis added); *see* RCW 9A.36.021(1)(a).

Ms. Gleason contends the verdicts are inconsistent, because if she intentionally struck

Mr. Mahood with her sedan, she could not have also been driving "in a reckless manner."

RCW 46.61.522(1)(a). We disagree with this reasoning. "When recklessness suffices to

establish an element, such element also is established if a person acts intentionally . . . ."

RCW 9A.08.010(2). To the extent Ms. Gleason intentionally assaulted Mr. Mahood with

her car, that conduct was also "reckless" operation of a vehicle. RCW 46.61.522(1)(a).

*Double jeopardy*

Ms. Gleason contends, and the State concedes, that one of her convictions should

be vacated on double jeopardy grounds. We accept this concession.

This is a constitutional claim that may be raised for the first time on appeal.

*See* RAP 2.5(a)(3); *see also State v. Mutch*, 171 Wn.2d 646, 661, 254 P.3d 803 (2011).

The double jeopardy clauses of the state and federal constitutions[1] bar trial courts from

imposing multiple convictions or multiple punishments for a single offense without

legislative authorization. *See State v. Kelley*, 168 Wn.2d 72, 77, 226 P.3d 773 (2010);

*In re Pers. Restraint of Orange*, 152 Wn.2d 795, 815-16, 100 P.3d 291 (2004); *State v.*

*Moreno*, 132 Wn. App. 663, 667, 132 P.3d 1137 (2006).

---

[1] U.S. CONST. amend V; WASH. CONST. art. 1, § 9.

Because double jeopardy questions are questions of legislative intent, this court "start[s] with the language of the statutes themselves." *State v. Calle*, 125 Wn.2d 769, 776, 888 P.2d 155 (1995); *see Kelley*, 168 Wn.2d at 77. If statutory text explicitly or implicitly authorizes cumulative punishments for a single act, our inquiry is at an end. *See State v. Freeman*, 153 Wn.2d 765, 771-72, 108 P.3d 753 (2005); *In re Pers. Restraint of Francis*, 170 Wn.2d 517, 523, 242 P.3d 866 (2010). However, in most cases, like this one, the statutory text itself "is a dead end" because it "provide[s] no express or implicit representations." *Francis*, 170 Wn.2d at 523. The double jeopardy analysis therefore requires us to look further.

In the absence of clear legislative intent, we ask whether the defendant's convictions are "the same in law and in fact." *State v. Villaneuva-Gonzalez*, 175 Wn. App. 1, 5, 304 P.3d 906 (2013), *aff'd*, 180 Wn.2d 975, 329 P.3d 78 (2014); *see State v. Walker*, 143 Wn. App. 880, 886, 181 P.3d 31 (2008) (noting Washington's test, variously called the "'same evidence'" or "'same elements'" test, is "largely indistinguishable" from the federal *Blockburger*[2] test). When assessing whether two crimes are the same in law and fact, we look at how they were charged and proved at trial. *Orange*, 152 Wn.2d at 817-18; *see also Calle*, 125 Wn.2d at 777; *Francis*, 170 Wn.2d at 523-24.

---

[2] *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 396 (1932).

7

Under the facts presented at trial, the State's vehicular assault charge alleged Ms. Gleason intentionally assaulted Mr. Mahood through her driving, which was also necessarily reckless. This was the functional equivalent of what the State needed to prove for its second degree assault charge. Given this circumstance, and the lack of any legislative authorization for multiple punishments, the convictions for both second degree assault and vehicular assault violate double jeopardy. *See State v. Ralph*, 175 Wn. App. 814, 825, 308 P.3d 729 (2013) (concluding double jeopardy was violated, even though "the statutory elements of the two crimes differ[ed]," because "as charged and proved" the crimes were "functional equivalent[s]").

The appropriate remedy for a double jeopardy violation is to vacate all but the most serious conviction for the same offense. *See In re Pers. Restraint of Delgado*, 160 Wn. App. 898, 904, 251 P.3d 899 (2011); *In re Pers. Restraint of Burchfield*, 111 Wn. App. 892, 899, 46 P.3d 840 (2002) (appropriate remedy is vacation of the "lesser" conviction). It is not apparent which is the lesser offense here, given Ms. Gleason's convictions carried the same standard sentencing range and the trial court imposed identical terms of confinement for each of them. But the parties agree vacation of the vehicular assault offense is an acceptable remedy. We have no reason to disagree with that assessment. We therefore accept the State's concession that Ms. Gleason's vehicular

assault conviction must be vacated on the basis of double jeopardy. Given that the trial court found Ms. Gleason's two crimes "encompass[ed] the same criminal conduct," RCW 9.94A.589(1)(a), her offender score and resultant standard sentencing range as to the remaining conviction will not change. Thus, resentencing is not required.

*Crime victim penalty assessment*

Ms. Gleason contends we should remand with instructions to strike the crime victim penalty assessment from her sentence. We agree.

After Ms. Gleason's sentencing, the legislature amended the victim penalty assessment statute by passing Engrossed Substitute House Bill 1169, with the amendments taking effect July 1, 2023. *See State v. Ellis*, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023) (citing LAWS OF 2023, ch. 449, § 1). The statute now prohibits courts from imposing a crime victim penalty assessment on defendants found to be "indigent" as defined by RCW 10.01.160(3), and requires courts to waive any victim penalty assessment imposed before the effective date, on the offender's motion, if the offender is unable to pay. *See* RCW 7.68.035(4), (5)(b). Although the amendments did not take effect until after Ms. Gleason's sentencing, they apply prospectively to cases on direct review. *See Ellis*, 27 Wn. App. 2d at 16 (citing *State v. Ramirez*, 191 Wn.2d 732, 748-49,

No. 39014-4-III
*State v. Gleason*

426 P.3d 714 (2018)). We therefore remand with instructions to strike the crime victim penalty assessment from Ms. Gleason's judgment and sentence.

## CONCLUSION

This matter is remanded with instructions to vacate the vehicular assault conviction and strike the crime victim penalty assessment from the judgment and sentence. Resentencing is not required.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Cooney, J.

10